[No. 23632. Department Two. July 19, 1932.]

.THE STATE OF WASHINGTON, *Respondent*, v. JENNIE MILLER, *Appellant*.[1]

*Hughes & Hughes*, for appellant.

*Ferd J. Schaaf*, for respondent.

MILLARD, J.—Trial on an information charging her with the crime of murder in the second degree resulted in defendant's conviction of the crime of manslaughter. From the judgment and sentence pronounced upon the verdict, the defendant appeals.

Counsel prosecuting this appeal did not represent the appellant in the trial court.

▆ Insisting that Thomas Roberts was disqualified to sit as a juror inasmuch as he had a previously formed opinion as to the merits of the cause, which

[1]Reported in 13 P. (2d) 52.

would require evidence to remove, counsel for appellant (her peremptory challenges were then exhausted) challenged Roberts for cause. The denial of that challenge is first assigned as error.

The assignment is without substantial merit. The prospective juror stated upon his examination that, from what he read "just the same as anybody when you first read the paper," he, "in a way," formed an opinion; that he did not, at the time of the trial, have any opinion as to the guilt or innocence of the appellant. We have carefully read the record of the examination of the juror. The juror did not say, nor can it be reasonably inferred from his answers, that his opinion was such that it would take evidence to remove; hence, *State v. Riley,* 36 Wash. 441, 78 Pac. 1001, and the other authorities cited by appellant, are not in point.

█ The giving of certain instructions submitting to the jury the question of whether the appellant was guilty of manslaughter and the refusal to give appellant's requested instructions defining manslaughter, are assigned as error.

Counsel for appellant argue: The information charged the appellant with the crime of second degree murder, in that she effected the death of her victim with a revolver. The evidence was that the appellant withdrew a revolver from a dresser drawer to prevent the decedent from getting it, as she was apprehensive that he would use it to kill her and her daughter. When she saw the deceased extend his hand into a woodbox, she was fearful that he would take therefrom a hatchet and with it kill her and her daughter. In appellant's excitement, she pulled the trigger of the revolver and the decedent's death ensued. Under that state of facts, appellant was either guilty of murder in the second

degree, as charged, or not guilty because of justifiable or excusable homicide.

Counsel for appellant requested five instructions on manslaughter. In one of those requested instructions, the jury is charged that "The crime of manslaughter is included in the charge of murder in the second degree in this case." The evidence clearly established the fact that appellant was guilty of murder in the second degree. The strategic moves to secure a verdict of guilty of a lesser crime if she could not escape conviction of the more serious offense were successful. Appellant will not now be heard to complain of the submitting to the jury of the question whether she was guilty of a lesser crime than that charged.

The instructions given substantially charged the jury as the appellant erroneously requested. The instructions given were technically inaccurate, but they were not prejudicial to the rights of appellant. Manifestly, the appellant's rights were not prejudiced; the jury extended to the appellant the leniency she craved. It was not reversible error to refuse to give to the jury appellant's requested erroneous instructions, but in other instructions given to substantially charge the jury as the appellant erroneously requested.

■ On its case in chief, the state introduced evidence tending to prove that the deceased was not afflicted with gonorrhea during the time he was married to the appellant's daughter. This, urges appellant, constituted reversible error, as such rebuttal evidence was inadmissible in chief.

The order in which the testimony may be introduced is largely within the trial court's discretion and control. The state was not obliged to rest upon evidence which merely established *prima facie* the guilt of the appellant, but could introduce testimony which anticipated matters of defense. The plea of not guilty left

all defenses open, and the duty was imposed upon the state of anticipating any defense she might offer. *State v. Leroy,* 61 Wash. 405, 112 Pac. 635.

The court did not commit error in permitting the introduction of that testimony in chief. Whether the defense theory would be excusable or justifiable homicide, or the unwritten law, the state did not know when it put in its case in chief. All that the state attempted to do was to prove that appellant knew that the deceased did not communicate the venereal disease to her daughter (decedent's wife); and that appellant was manufacturing a defense (which the state had a right to anticipate) when she informed her friends that the shooting was the result of the decedent's communication of the disease to her daughter and the decedent's refusal to permit appellant to place that daughter under the care of a physician.

A careful examination of the record not disclosing reversible error, the judgment should be, and it is, affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.