Argued and submitted November 12, 1982, conviction affirmed, remanded for resentencing May 11, reconsideration denied June 24, petition for review denied September 7, 1983 (295 Or 618)

STATE OF OREGON,
*Respondent,*
*v.*
GUS WAYNE ROUSE,
*Appellant.*

(C 81-10-35507; CA A24006)

662 P2d 798

Carla Thompson, Deputy Public Defender, Salem, argued the cause for appellant. On the brief was Gary D. Babcock, Public Defender, Salem.

Linda Acaldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Newman,* Judges.

VAN HOOMISSEN, J.

---

*Newman, J., *vice* Thornton, J.

## VAN HOOMISSEN, J.

■ Defendant appeals his conviction of conspiracy to commit robbery in the first degree. He first contends that the trial court erred in instructing the jury pursuant to Uniform Jury Instruction 404.15. However, defendant asked the trial judge to give the challenged instruction. Therefore, if there was any error, it was invited and defendant cannot now complain. Defendant asks that we consider his first assignment pursuant to ORAP 7.19(5). We decline to do so.

In *State v. Thompson,* 28 Or App 409, 413, 559 P2d 1294, *rev den* 278 Or 393 (1977), we explained:

"Finally, defendant concedes that he did not take an exception in the circuit court to the instruction he now challenges as 'ambiguous and misleading.' In the absence of such an exception in the trial court, an assignment of error based upon an allegedly erroneous instruction will not be considered by this court unless upon an examination of the entire record we find that the alleged error is manifest and that the ends of justice will not otherwise be satisfied. * * *" (Citations omitted.)

We have examined the record. We do not find manifest error or that the ends of justice will not be satisfied if we adhere to the rule that error not preserved in the trial court will not be considered on appeal.

■ Defendant next contends that the trial court erred in sentencing him under the enhanced penalty provisions of ORS 161.610.[1] We agree. The indictment charged in relevant part that he conspired "to unlawfully and knowingly use and threaten the immediate use of physical force upon Sidney C.

---

[1] ORS 161.610 provides in relevant part:

" * * * * *

"(2) Prior to sentencing upon a felony conviction, it shall be the duty of the district attorney to advise the court, and the duty of the court to inquire, as to whether the defendant used or threatened to use an operable or inoperable firearm during the commission of the crime.

" * * * * *

"(4) Notwithstanding the provisions of ORS 161.605 or 137.010(2), if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. * * *

" * * * * *"

Billings, a cab driver while armed with a deadly weapon, to-wit: a handgun * * *." The evidence showed that Clayton, a co-conspirator, was to provide the gun, that Johnson, another co-conspirator, was to kill the driver, and that after the killing, defendant was to drive the cab to a secluded place where the driver and the cab would be searched for money. Before the cab arrived, defendant and two other co-conspirators changed their minds and started walking away. They did not think that Johnson would try to implement the plan without them. They were a block away when the cab arrived. Johnson got in the cab. When the driver asked him where he wanted to go, Johnson killed him. ORS 161.610; *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982); *see State v. Thiesies,* 63 Or App 200, 662 P2d 797 (1983).

Conviction affirmed; remanded for resentencing.