## 45853. MASON v. THE STATE.
(375 SE2d 606)

BELL, Justice.

Mason was convicted of murdering Martha Manning, of fleeing a police officer, and of speeding.[1] Mason now appeals, contending that he carried his burden of proof on his insanity defense; that the evidence does not support his murder conviction; and that the court erred in a portion of its charge on insanity. We affirm.

On June 11, 1986, while Mason was driving from Dayton, Ohio, to Atlanta, Georgia, Mason began shooting at other cars and drivers with a .22 rifle and running other vehicles off the road. When the police responded to a radio call alerting them to the shootings, Mason attempted to elude the police by traveling at speeds up to 90 mph. The chase ended in Habersham County, Georgia, when Mason collided head on with a vehicle driven by Martha Manning. The collision killed Manning. Mason was pinned inside his vehicle, and repeatedly told rescuing officers to "kill me now." The crime lab tested Mason's urine and blood, finding no significant presence of drugs or alcohol.

A sheriff's investigator interviewed Mason one day after the accident, after advising him of his *Miranda* rights. Mason remembered sideswiping a motorcycle, shooting at cars, and killing a woman. He also claimed to have ingested two blue pills that he identified as "speed." No such pills were found in Mason's possession or at the scene of the accident.

Mason was charged with malice murder, felony murder, vehicular

---

[1] The crimes occurred on June 11, 1986. Mason was indicted on August 4, 1986. Mason was tried on February 23-25, 1987, and found guilty on February 25. Mason filed a motion for new trial on March 20, 1987, and an amended motion for new trial on April 27. The court reporter certified the transcript on March 31, 1987. The trial court denied the motion for new trial on May 17, 1988, and Mason filed his notice of appeal on May 20. The case was docketed in this court on June 1, 1988, and was orally argued on September 13, 1988.

homicide, fleeing a peace officer, and speeding. The felony-murder count charged that Mason caused the death of Manning while attempting to elude capture for the aggravated assaults he committed when he shot at people and collided with their vehicles. Mason contended that he was not guilty by reason of insanity, but a Habersham-County jury convicted Mason of felony murder, fleeing a peace officer, and speeding. Mason appeals.

1. Mason first argues that he carried his burden of proof on the issue of insanity. On appellate review we must determine whether, "after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." *Brown v. State*, 250 Ga. 66, 71-72 (2) (c) (295 SE2d 727) (1982).

Upon a motion for evaluation, Mason was examined by two psychologists. One, a Dr. Smith, did not testify, but a report he prepared was introduced into evidence by Mason. Dr. Smith reported that Mason said that he was framed. Mason said that he had run afoul of the government, but he could not specify how. Dr. Smith stated that Mason's manner of presentation and lack of specificity concerning his delusions were atypical of persons who have actual delusions. Dr. Smith also stated that the delusions Mason verbalized did not appear to have bearing on the crimes Mason committed. However, Dr. Smith found it highly likely that Mason was not responsible for his actions, based on tests administered to Mason; on a history collected from relatives; and on tests administered by the other psychologist, Dr. Slavin.

At trial Dr. Slavin testified on Mason's behalf. Slavin diagnosed Mason as having "schizophrenic form disorder." Slavin differentiated schizophrenic form disorder from paranoid schizophrenia. He stated that delusions, hallucinations, and an inability to differentiate reality from fantasy are common symptoms of both disorders. He added, however, that a person suffering from schizophrenic form disorder usually has had his symptoms for less than six months at the time of evaluation, and can have periods of remission, during which he or she might be able to distinguish right from wrong. Slavin testified that Mason told him that at the time of the alleged crime he thought federal agents were following him and planning to kill him. Dr. Slavin opined that Mason was delusional and did not know the difference between right and wrong at the time of the alleged offense. Dr. Slavin, however, added that Mason had the ability to hold and manipulate numbers in his mind, good orientation, good knowledge of personal and current information, and above-average mental control.

Two of Mason's cousins and his mother testified that Mason had exhibited paranoia for about two years, and that Mason suffered from

delusions similar to that described by Dr. Slavin.

The evidence regarding Mason's sanity is conflicting, but reviewing it in the light most favorable to the state, we find that a rational trier could have found that Mason failed to prove by a preponderance of the evidence that he was insane at the time of the crime.

2. Mason argues in his second enumeration of error that the evidence is insufficient to support his conviction of murder. We find, however, that, reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found Mason guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In his last enumeration of error Mason contends that the trial court erred in a portion of its charge on insanity. However, we need not decide whether the charge was erroneous, as Mason requested the charge and is therefore barred from complaining of it. *Edwards v. State*, 235 Ga. 603 (221 SE2d 28) (1975).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 2, 1989.

*Timothy P. Healy*, for appellant.

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General*, for appellee.