[No. 55035-2. En Banc. June 14, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. JEROME LARNEDO HENDERSON, *Petitioner*.

*Karen Morth* of *Washington Appellate Defender Association*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Cynthia S.C. Gannett, Deputy*, for respondent.

ANDERSEN, J.—

FACTS OF CASE

The jury unanimously agreed that the defendant, Jerome Larnedo Henderson, was guilty of the crime of attempted burglary in the second degree as charged by the King County Prosecuting Attorney. The evidence against him was substantial. An independent eyewitness saw the defendant trying to break into a neighbor's house. Seattle

police officers promptly responding to a call from the eye-witness observed the defendant in the act and apprehended him as he attempted to flee. The defendant also made incriminating statements at the time of his capture. The experienced trial court allowed the conviction to stand as did the Court of Appeals in a unanimous reported opinion.[1] We also affirm but do so on a different basis than did the Court of Appeals.

One issue is dispositive of this case.

## ISSUE

Can the defendant in a criminal trial (as here) request that instructions be given to the jury (as here) and then, after the requested instructions have been given to the jury by the trial court (as here), complain on appeal that the instructions given were constitutionally infirm (as the defendant does here)?

## DECISION

CONCLUSION. We answer the question posed by this issue in the negative. The law of this state is well settled that a defendant will not be allowed to request an instruction or instructions at trial, and then later, on appeal, seek reversal on the basis of claimed error in the instruction or instructions given at the defendant's request. To hold otherwise would put a premium on defendants misleading trial courts; this we decline to encourage.

At trial, *the defendant proposed,* and the trial court gave, instructions defining the charge of attempted burglary in the second degree in the language recommended by the Washington Practice Instructions—Criminal (WPIC).[2] *The*

---

[1]*State v. Henderson,* 50 Wn. App. 158, 747 P.2d 504 (1987), *review granted,* 110 Wn.2d 1027 (1988).

[2]The attempted burglary in the second degree instructions are the trial court's instruction 4 (the crime of attempt defined, WPIC 100.01); instruction 5 (elements of the crime, WPIC 100.02); instruction 6 (the crime of burglary in the second degree defined, WPIC 60.03); instruction 7 (intent defined, WPIC 10.01); and instruction 7A (substantial step defined, WPIC 100.05 (Supp. 1986)).

*defendant also proposed,* and the trial court gave, pattern WPIC instructions for the two offenses the defendant claimed were "lesser included offenses", namely, criminal trespass in the first degree[3] and criminal trespass in the second degree.[4]

The defendant was convicted of attempted burglary in the second degree as charged and sentenced thereon.

On appeal, the defendant claims that the instructions were erroneous, arguing as follows:

> In *State v. Johnson,* [100 Wn.2d 607, 674 P.2d 145 (1983)], the Washington Supreme Court held that "it is error for the trial court in a burglary prosecution to fail in its instructions to specify and define the crime or crimes allegedly intended." *Johnson, supra* at 625. That holding, issued in December 1983, was the controlling law in the State of Washington until it was overruled by *State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985), issued in December 1985.
>
> Here, then, the trial court failed to properly instruct the jury under the controlling case law. Henderson's acts occurred in September 1985, after the *Johnson* decision and before *Bergeron* was decided. The rule in *Johnson,* therefore, applies to his case, and under *Johnson* this instructional error violated Henderson's due process right to have the jury instructed on the definition of every element of the offense charged.[3] *Johnson, supra* at 623–628; *State v. Emmanuel,* 42 Wn.2d 799, 821, 259 P.2d 845 (1953).

Brief of Appellant, at 4–5.

■ The defendant concedes that this issue was *not* raised in the trial court. As he notes in footnote 3, referred to in the portion of his brief just quoted:

> Although *this issue was not raised in the trial court,* RAP 2.5(A) allows constitutional error to be raised for the first time on appeal.

---

[3]The criminal trespass in the first degree instructions are the trial court's instruction 11 (the crime of attempt defined, WPIC 100.01); instruction 12 (elements of the crime, WPIC 100.02); and instruction 13 (the crime of criminal trespass in the first degree defined, WPIC 60.15).

[4]The criminal trespass in the second degree instructions are the trial court's instruction 14 (the crime of attempt defined, WPIC 100.01) and instruction 15 (elements of the crime, WPIC 100.02; combined with the definition of the crime of criminal trespass in the second degree, WPIC 60.17).

(Italics ours.) Brief of Appellant, at 5 n.3 (part). This argument misses the point, however, which is that even if error was committed, of whatever kind, it was at the defendant's invitation and he is therefore precluded from claiming on appeal that it is reversible error.

The law in this regard was clearly declared in *State v. Boyer*, 91 Wn.2d 342, 588 P.2d 1151 (1979), a *unanimous* decision of *this court*:

> This court, in *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976), and succeeding cases, has recognized the constitutional requirement that the prosecution bear the burden of proving beyond a reasonable doubt each element of the crime charged. It is against this constitutional test that a challenged instruction may be measured. In this case, however, we do not reach the constitutional issue.
>
> *The instruction given is one which the defendant himself proposed. A party may not request an instruction and later complain on appeal that the requested instruction was given.* Ball v. Smith, 87 Wn.2d 717, 556 P.2d 936 (1976); *Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966). The defendant's challenge to the instruction must therefore fail.
>
> The judgment is affirmed.

(Italics ours.) *Boyer,* 91 Wn.2d at 344–45.

*Boyer* is the established law of this state. As in the present case, constitutional error was there claimed but review was denied on the basis of invited error. *Boyer* has been regularly followed both by this court and by our Court of Appeals, as the following illustrative excerpts demonstrate:

> A party cannot request an instruction and later complain on appeal that the instruction should not have been given.[18]

(Footnoting *Boyer,* at 345.) *State v. Kincaid,* 103 Wn.2d 304, 314, 692 P.2d 823 (1985).

> Moreover, we note that the same result is required by the doctrine of invited error. *See generally State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979). That doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal. *State v. Boyer, supra.* The present case does exactly that.

*State v. Pam,* 101 Wn.2d 507, 511, 680 P.2d 762 (1984).

Under these circumstances, we hold that: . . . (2) any error in connection therewith was invited error and cannot be complained of on appeal;[117]

(Footnoting *Pam,* at 511.) *State v. Mak,* 105 Wn.2d 692, 748, 718 P.2d 407, *cert. denied,* 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986).

Even where constitutional issues are involved, invited error precludes judicial review. *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979).

*State v. Tyson,* 33 Wn. App. 859, 864, 658 P.2d 55, *review denied,* 99 Wn.2d 1023 (1983).

Even where constitutional rights are involved, invited error precludes appellate review.

*State v. Alger,* 31 Wn. App. 244, 249, 640 P.2d 44, *review denied,* 97 Wn.2d 1018 (1982).

Affirmed.

CALLOW, C.J., and BRACHTENBACH, DORE, and DURHAM, JJ., concur.

UTTER, J. (dissenting)—The majority's rigid application of the invited error doctrine without any consideration of the circumstances surrounding the erroneous jury instruction provokes this dissent.

Mr. Henderson requested the Washington pattern jury instructions defining burglary and attempt to commit burglary in the second degree. WPIC 60.03; WPIC 100.02. The court gave both instructions. Henderson also proposed an instruction that would have modified the effect of the instruction regarding attempt. After the court refused to give the modifying instruction, Henderson requested that the court revise the main instruction for attempt by incorporating the gist of the modification. Again, the trial court refused but noted the exception.

The prosecutor presented no evidence of Henderson's intent upon entering the dwelling. The jury found Henderson guilty as charged.

Normally, the doctrine of invited error would prevent the defendant from objecting on appeal to a jury instruction he proposed at trial. However, the doctrine should be applied prudently, with respect to the facts of each case, to prevent a denial of a constitutional right. Although the defendant proposed the instruction of which he now complains, he had also proposed an additional instruction that would have modified the effect of the objectionable instruction. The court neither gave the proposed instruction nor modified the attempt to commit burglary instruction to incorporate the defendant's objection.

Even if the trial court correctly refused to give the modifying instruction, that does not alter the fact that the defendant was actually proposing something different from the instructions given by the court. Taken as a whole, the defendant's proposed instructions concerning the specified underlying crime differ from the instructions as given. *See State v. Osbey,* 238 Kan. 280, 284, 710 P.2d 676 (1985) (the difference of one word between instruction proposed and instruction used was sufficient to establish reversible error, and precluded application of invited error rule). Accordingly, the case of *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979), and its progeny, relied upon by the majority, are not dispositive. Viewed as a whole, the instructions were not what the defendant requested. The doctrine of invited error does not preclude review in such a situation.

This court's history of applying the doctrine of invited error with little analysis or discussion implies that the doctrine is strictly applied regardless of circumstances. *See, e.g., State v. Neher,* 112 Wn.2d 347, 352, 771 P.2d 330 (1989); *State v. Kincaid,* 103 Wn.2d 304, 314, 692 P.2d 823 (1985); *In re Griffith,* 102 Wn.2d 100, 102, 683 P.2d 194 (1984); *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979); *Ball v. Smith,* 87 Wn.2d 717, 556 P.2d 936 (1976); *Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966).

Recently, however, we declined to apply the doctrine of invited error in a capital case. *See State v. Rice,* 110 Wn.2d

577, 611 n.19, 757 P.2d 889 (1988), *cert. denied,* ___ U.S. ___, 105 L. Ed. 2d 707, 109 S. Ct. 3200 (1989). In doing so, we considered the rationale in *State v. Mak,* 105 Wn.2d 692, 749, 718 P.2d 407, *cert. denied,* 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986). In *Mak,* the defendant argued that the trial court should have given instructions that he failed to propose at trial. He also failed to object to the instructions the trial court gave. This court reviewed the instructions not only because it was a capital case but because some of the arguments alleged constitutional error. *Mak,* at 749. *Rice* applied the principle stated in *Mak* to a situation where the defendant invited the error, and concluded that the doctrine did not preclude review of a capital defendant's objection to an instruction. *Rice,* at 611.

In other cases, we have referred to the basis or principle underlying the rule. Recently, we stated that the "doctrine prohibits a party from *setting up* an error at trial and then complaining of it on appeal" and that "[t]he adversary system cannot countenance such maneuvers." (Italics mine.) *State v. Pam,* 101 Wn.2d 507, 511, 680 P.2d 762 (1984). In an earlier case, this court denounced the use of strategic tactics to induce reversible error and thereby allow a defendant to pursue one theory at trial and, if unsuccessful there, another on appeal. *State v. Miller,* 168 Wash. 687, 689, 13 P.2d 52 (1932). These decisions rest on a desire to prevent a party from strategically trapping a court, and thus leave room for applying the doctrine more flexibly when the error is unintentional.

A number of courts have noted both a strong public policy underlying the rule and its widespread acceptance. If the court condones such action, then each party could hedge by offering erroneous instructions, trapping the court, and ensuring reversible error. *See, e.g., Brooks v. State,* 706 P.2d 664, 668 (Wyo. 1985) (stating the policy); *Daellenbach v. State,* 562 P.2d 679, 681 (Wyo. 1977) (citing cases in support of the rule).

Some courts have applied the rule either without exception or without discussion. *See, e.g., Gutierrez v. State,* 659

S.W.2d 423, 424 (Tex. Crim. App. 1983) (forbidding review even if fundamental error); *State v. Ambuehl,* 145 Wis. 2d 343, 361, 425 N.W.2d 649 (1988);[5] *Mason v. State,* 258 Ga. 822, 824, 375 S.E.2d 606 (1989); *State v. Tassler,* 159 Ariz. 183, 185, 765 P.2d 1007 (Ct. App. 1988); *Douma v. State,* 749 P.2d 1163, 1167 (Okla. Crim. App. 1988); *State v. Vilhotti,* 11 Conn. App. 709, 713, 529 A.2d 235 (1987) (barring review even if error affects fundamental rights);[6] *United States v. Benny,* 786 F.2d 1410, 1416 (9th Cir.) ("totally" barring review), *cert. denied,* 479 U.S. 1017, 93 L. Ed. 2d 720, 107 S. Ct. 668 (1986). *But see United States v. Solis,* 841 F.2d 307, 309 (9th Cir. 1988) (allowing review for plain error where defendants failed to object to instruction,

---

[5]The *Ambuehl* court relied solely on *Neuenfeldt v. State,* 29 Wis. 2d 20, 32, 138 N.W.2d 252 (1965), *cert. denied,* 384 U.S. 1025, 16 L. Ed. 2d 1029, 86 S. Ct. 1973 (1966). In *Neuenfeldt,* however, the court specifically stated that accused's counsel's requests in the case constituted trial tactics. Counsel had specifically requested that an instruction not be given, the court complied, and counsel later appealed the failure to give the instruction.

[6]The cases relied on by the *Vilhotti* court do not directly bar review in all cases if fundamental rights are affected. In *State v. Hinckley,* 198 Conn. 77, 81 n.2, 502 A.2d 388 (1985), the defendant requested most of the challenged instruction. The court stated the doctrine of invited error, but noted a possible exception:

> We have held that error induced by an appellant cannot be a ground for reversal and will not be reviewed. *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983); *State* v. *Kish,* 186 Conn. 757, 769, 443 A.2d 1274 (1982). Because we hold here that the defendant's claim is not reviewable as an "exceptional circumstance" under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), it is unnecessary for us to consider the problems that may arise when a criminal defendant induces error that truly involves the deprivation of a fundamental constitutional right and a fair trial.

In *State v. Silveira,* 198 Conn. 454, 467–68, 503 A.2d 599 (1986), the court restated the *Ross* rule and recognized that giving an erroneous self–defense instruction may unconstitutionally affect a defendant's due process rights. In this case, however, the court concluded that the jury was not misled by a faulty instruction. The trial court's charge mirrored the statutory language and substantially conformed with defendant's requested charge. Moreover, defendant had first requested a self–defense instruction and had later asked the trial court to reinstruct the jury to disregard the self–defense theory. Given such facts, the Connecticut Supreme Court concluded that the defendant suffered no additional prejudice from the "superfluous" self–defense instruction.

expressly stated they had no objection, and helped prepare instruction court gave).

Other courts, after carefully balancing the rights involved, have concluded that the doctrine "cannot be without exception." *State v. Dozier,* 163 W. Va. 192, 195, 255 S.E.2d 552 (1979). *See also People v. Bender,* 20 Ill. 2d 45, 54, 169 N.E.2d 328 (1960); *People v. Graham,* 71 Cal. 2d 303, 455 P.2d 153, 78 Cal. Rptr. 217, 227 (1969); *People v. Wickersham,* 32 Cal. 3d 307, 650 P.2d 311, 185 Cal. Rptr. 436, 448–51 (1982); *State v. Rouse,* 63 Or. App. 161, 163, 662 P.2d 798, *review denied,* 295 Or. 618, 670 P.2d 1034 (1983); *People v. Audison,* 126 Mich. App. 829, 835, 338 N.W.2d 235 (1983); *United States v. Espinal,* 757 F.2d 423, 426 (1st Cir. 1985).

After gathering cases from other jurisdictions, the West Virginia Supreme Court found that the authorities "compel[led] the conclusion" that the general rule must yield if application violates due process. *Dozier,* 163 W. Va. at 195.

> [W]hile such a rule [invited error doctrine] is normally applicable in cases involving mere error, it will not operate to deprive an accused of his constitutional right to due process.

*Dozier,* 163 W. Va. at 195 (quoting *People v. Bender,* 20 Ill. 2d 45, 54, 169 N.E.2d 328 (1960)). The court pointed out that an error of constitutional dimension exists regardless of who requested the instruction, and that it is ultimately the responsibility of the trial court to ensure that proposed instructions correctly state the law. *Dozier,* 163 W. Va. at 196. The court concluded:

> We are of the opinion that it would be a travesty of justice to hold the accused invited the error and thus effectively waived a fundamental constitutional right. It is extremely unlikely that the defendant had any knowledge that a constitutionally erroneous instruction was being offered on her behalf. It is even more unlikely that she made a knowing and intelligent waiver of her constitutional rights, and we shall not presume that she did in the face of a silent record.

*Dozier,* 163 W. Va. at 196.

In *Dozier,* the court noted that it would use the plain error standard of review to prevent manifest injustice if the defendant had merely failed to object to an instruction proffered by the prosecutor. The court, following the lead of California courts, refused to treat a mere "unfortunate mistake" of invited error differently. *Dozier,* 163 W. Va. at 197.

Our court rule and decisions allowing appellate review of alleged constitutional error where defense counsel failed to object at trial mandate a similar course. *See* RAP 2.5(a)(3) (party may claim error for the first time at the appellate level if it is a "manifest error affecting a constitutional right"); *State v. Bailey,* 114 Wn.2d 340, 347, 787 P.2d 1378 (1990) (exception to the rule that a jury instruction must be excepted to exists in the case of "manifest error affecting a constitutional right"); *State v. Mak, supra* at 749; *State v. Peterson,* 73 Wn.2d 303, 306, 438 P.2d 183 (1968); *State v. Haynes,* 71 Wn.2d 136, 139, 426 P.2d 851 (1967); *State v. Warwick,* 105 Wash. 634, 637, 178 P. 977 (1919).[7] In such cases, we allow review of error affecting constitutional issues where no proper exception to the instruction was made. As with the general rule that errors not objected to at trial are not reviewable, the invited error doctrine should also give way when constitutional rights are involved and the flawed instruction was not proposed to deliberately create error.

In Mr. Henderson's case, giving the erroneous instruction violated the defendant's constitutional right to due process because the trial court failed to properly instruct the jury under the controlling case law. In September 1985, when Henderson's acts occurred, the controlling case law required that the instructions for burglary "specify and define the

---

[7]A number of our earlier prerule cases relied on the concept of manifest injustice for determining whether review should be granted. *See, e.g., State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966), *cert. denied,* 386 U.S. 1042, 18 L. Ed. 2d 610, 87 S. Ct. 1501 (1967); *State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539, *cert. denied,* 389 U.S. 871, 19 L. Ed. 2d 152, 88 S. Ct. 156 (1967); *State v. Dean,* 70 Wn.2d 66, 422 P.2d 311 (1966).

crime or crimes allegedly intended." *State v. Johnson,* 100 Wn.2d 607, 625, 674 P.2d 145 (1983). By the time Henderson faced trial, this court had overruled that portion of *Johnson,* thereby striking the specificity requirement. *State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985).

This court has recognized that retroactive application of "an unforeseeable judicial enlargement of a criminal statute" operates like a constitutionally forbidden ex post facto law. *State v. Gore,* 101 Wn.2d 481, 489, 681 P.2d 227 (1984) (quoting *Bouie v. Columbia,* 378 U.S. 347, 353, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964)). The due process clause prevents a State Supreme Court from achieving an ex post facto effect by judicial construction. *Gore,* at 489; *Bouie,* at 354.

In an ex post facto analysis, the law at the time of a defendant's criminal act controls. *State v. Edwards,* 104 Wn.2d 63, 70, 701 P.2d 508 (1985). A new law violates the prohibition if it (1) aggravates or enlarges the crime, (2) permits "different or more severe punishment", or (3) permits conviction with "less or different testimony". *Edwards,* at 70–71 (citing *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798)). There is no violation if the alteration does not (1) increase the punishment, (2) change the "ingredients" of the offense or the "ultimate facts necessary to establish guilt," or (3) change the "amount or degree of proof" needed for conviction. *Edwards,* at 71 (quoting *Hopt v. Utah,* 110 U.S. 574, 590, 28 L. Ed. 262, 4 S. Ct. 202 (1884)).

*Johnson* significantly narrowed the intent element by requiring that the State specify and define the crime intended. By striking that requirement, *Bergeron* enlarged the crime of burglary.

In many cases *Bergeron* changes the amount of proof required and allows conviction with "less or different" testimony. Under *Johnson,* unless the State alleged theft, it had to prove the specific crime a defendant intended to commit after entering or remaining unlawfully. *Bergeron,* at 20 (Utter, J., dissenting); *Johnson,* at 624–26. Here, the State neither specified a crime nor offered evidence of Henderson's intent to commit any specific crime after

entering the home. Yet this sufficed to convict under *Bergeron*.

Because *Bergeron* enlarged the offense and, in many cases, the proof necessary for conviction, retroactive application violates the ex post facto laws and a defendant's due process rights. Therefore, the trial court denied Henderson's due process rights by giving a *"Bergeron"* jury instruction. The majority does not deny this.

There were no additional curative instructions that would render the error harmless. *See State v. Sherman,* 98 Wn.2d 53, 60 n.4, 653 P.2d 612 (1982) (applying the invited error rule but noting that even if there were constitutional error, a curative instruction rendered it harmless). Because the State neither specified the crime intended nor offered evidence of intent, the faulty instruction was crucial to Mr. Henderson's conviction.

This is not a case where counsel purposely invited error. One attorney represented Mr. Henderson at a motion hearing April 29, 1986, while a different attorney handled his trial May 12, 1986, less than 2 weeks later. The last page of the verbatim transcript shows that the latter attorney had just started working for the public defender during the week of the trial. Moreover, the public defender's office had been in the process of "moving over" in the week before the trial. Defense counsel offered this explanation while apologizing for errors committed. Some of the errors required revision of forms submitted by the defense. Report of Proceedings, at 97. Where a transcript indicates the error was unintentional, the court should not be bound by the same policies it applies where the claimed error arguably could have occurred for tactical reasons.

Because a constitutional error is involved and the defendant did not intentionally mislead the court in requesting the flawed instruction, the principle that constitutional errors will be reviewed on appeal, even if not objected to at trial, should preempt the application of the invited error doctrine.

For these reasons, I would reverse Mr. Henderson's conviction.

DOLLIVER and SMITH, JJ., and PEARSON, J. Pro Tem., concur with UTTER, J.