IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30652-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN TOMAS ANDERTON, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

KORSMO, C.J. — Since he proposed the instruction he now seeks to challenge, we decline to consider Martin Anderton's challenge to the instruction. We remand to the trial court to correct the term of community supervision, but otherwise affirm his four felony convictions.

## FACTS

Mr. Anderton was convicted of attempted first degree arson and three counts of harassment after he attempted to set his grandmother's house on fire and threatened to kill his family members. At his jury trial, Mr. Anderton's counsel proposed "to convict" instructions taken directly from the *Washington Pattern Jury Instructions* that all contained the language, "If you find from the evidence that each of these elements has

been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty."

The court's instructions included the pattern instructions and the above-quoted language. Mr. Anderton's only objection to the jury instructions challenged the court's exclusion of a lesser included instruction on the arson charge.

The court sentenced Mr. Anderton to 32 months in prison and 36 months of community custody. He timely appealed to this court.

## ANALYSIS

Mr. Anderton alleges that the trial court violated his constitutional right to a jury trial and wrongly imposed a 36-month term of community custody. We address each argument in turn.

*Jury Instructions.* Mr. Anderton argues that the trial court's "duty to convict" instruction violated his constitutional right to a jury trial because it affirmatively misled the jury about its power to acquit. We decline to consider Mr. Anderton's argument because it is barred by the invited error doctrine.

"'A party may not request an instruction and later complain on appeal that the requested instruction was given.'" *State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990) (emphasis omitted) (quoting *State v. Boyer*, 91 Wn.2d 342, 344-45, 588 P.2d 1151 (1979)). This iteration of the invited error rule applies even if the appellate court

finds that the appellant's rights were violated by the jury instructions. *Henderson*, 114 Wn.2d 867.

Mr. Anderton requested the *Washington Pattern Jury Instructions* that all contained the same language he now challenges on appeal. His argument is barred under the invited error doctrine, and thus we do not reach his arguments concerning the constitutionality of the "to convict" instruction.

*Community Custody Sentence.* Mr. Anderton also argues that the trial court erred by sentencing him to 36 months of community custody because RCW 9.94A.701(2), the applicable statute, only authorizes 18 months of community custody for first degree arson. On appeal, the State concedes that the authorized community custody term is 18 months. We agree.

A trial court may only impose a sentence that is authorized by statute. *State v. Barnett*, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). RCW 9.94A.701 provides in part:

> (1) If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:
>    (a) A sex offense not sentenced under RCW 9.94A.507; or
>    (b) A serious violent offense.
> (2) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.

No. 30652-6-III
State v. Anderton

Mr. Anderton was convicted of attempted first degree arson and felony harassment, neither of which is classified as a sex offense or a serious violent offense. RCW 9.94A.030(45), (46). Attempted first degree arson is, however, classified as a violent offense. RCW 9.94A.030(54)(a)(i). Therefore, the trial court could sentence Mr. Anderton to 18 months of community custody under RCW 9.94A.701(2), but it lacked authority to sentence him to 36 months of community custody. We thus agree that it was error to apply RCW 9.94A.701(1) to this case. Remand is necessary to reduce the length of community custody from 36 to 18 months.

We affirm the convictions but remand with instructions to correct the term of community custody.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, C.J.

WE CONCUR:

Kulik, J.

Siddoway, J.

4