IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30873-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC CHRISTOPHER TRUITT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Eric Truitt challenges his fourth degree assault (domestic violence) conviction on the grounds that the jury instructions misled the jury about its power to acquit. Our courts have repeatedly rejected this argument and we again do so here. The conviction is affirmed.

The facts are of no consequence to this appeal and we need not dwell on them other than to note that a jury heard allegations that Mr. Truitt committed second degree

assault and felony harassment against a household member. The jury, however, convicted him solely of the inferior degree offense of fourth degree assault.[1]

Prior to closing argument, both parties presented jury instructions that included the standard pattern elements instruction. The court used that instruction to advise the jury concerning the elements it must find before returning a guilty verdict. After sentencing, Mr. Truitt timely appealed to this court.

Mr. Truitt argues that the trial court's "duty to convict" instruction violated his constitutional right to a jury trial because it affirmatively misled the jury about its power to acquit. We decline to consider Mr. Truitt's argument because it is barred by the invited error doctrine.

'"A party may not request an instruction and later complain on appeal that the requested instruction was given."' *State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990) (quoting *State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979)). This iteration of the invited error rule applies even if the appellate court finds that the appellant's rights were violated by the jury instructions. *Id.* at 869-71.

Mr. Truitt requested the Washington Pattern Jury Instructions that all contained the same language he now challenges on appeal. His argument is barred under the

---

[1] Mr. Truitt filed a statement of additional grounds that raises three issues that have no merit. We note that his claim that he had no notice that he could face inferior offenses is governed by statute. *See* RCW 10.61.003; RCW 10.61.010.

No. 30873-1-III
State v. Truitt

invited error doctrine, and thus we do not reach his arguments concerning the

constitutionality of the "to convict" instruction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

3