FILED
COURT OF APPEALS
DIVISION II

2014 FEB 11 AM 8: 39

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43981-6-II |
| Respondent, | |
| v. | |
| KIM BERNARD WHITE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — After a jury trial, Kim White was convicted of one count of second degree robbery. White appeals, arguing that the trial court committed two instructional errors: (1) violating his right to a unanimous verdict by failing to give a *Petrich*[1] instruction and (2) violating his right to a jury trial by misleading the jury about its power to acquit even if the evidence proved every element beyond a reasonable doubt. Because no *Petrich* instruction is required for a continuing course of criminal conduct and the invited error doctrine prohibits White from complaining about the jury instructions, we affirm.

---

[1] *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984), *overruled on other grounds by State v. Kitchen*, 110 Wn.2d 403, 405-06, 756 P.2d 105 (1988).

FACTS

At about 3:00 AM on April 18, 2012, White and another man entered a 24-hour Walgreens store in Spanaway. Two employees, Deanna Teague and Kersten Gouveia, were stocking shelves at the time. The men asked for assistance finding some items. White filled a shopping basket with merchandise while the other man went outside.

Teague and Gouveia were suspicious of the men. On her way outside for a smoking break, Gouveia disabled the automatic door so that no other people could enter.

When White said he was ready, Teague went behind the checkout counter. But White said, "[T]hank you," and jogged toward the door without paying. 3 Verbatim Report of Proceedings (VRP) at 44. The door did not open as White approached, and Teague asked him to return the merchandise. 3 VRP at 45. Teague then grabbed the shopping basket and a "tug of war" ensued. 3 VRP at 45.

White knocked the door open and pulled Teague outside, where she fell and lost her grip on the basket. Believing that White was hurting Teague, Gouveia pushed and struck White. Gouveia then grabbed onto the basket, holding on until White pushed her and she fell in the parking lot. Taking about $150 worth of merchandise in the basket, White ran across the street toward a gas station, where he was arrested by police who had responded to Teague's 911 call.

The State charged White with one count of first degree robbery, asserting that he forcibly took property "from the person or in the presence of D. Teague and/or K[.] Gouveia." Clerk's Papers (CP) at 1. At White's request, the trial court also instructed the jury on second degree robbery and third degree theft as lesser-included offenses.

No. 43981-6-II

The State and White each proposed a complete packet of jury instructions.[2] But White did not propose, and the trial court did not give, a *Petrich* instruction informing the jury that it must unanimously decide whether White used force against Teague or against Gouveia.

White based his three proposed to-convict instructions on WPIC 37.02, 37.04, and 70.11, respectively. These proposed instructions told the jury that "it will be your duty to return a verdict of guilty" if the evidence proved all elements beyond a reasonable doubt. CP at 148, 152, 154. The trial court gave identical to-convict instructions to the jury.[3]

---

[2] The State's proposed instructions are not part of the record on appeal. But White agreed with the State's characterization of the competing sets of instructions as "virtually the same except for the lesser included instructions." 4 VRP at 5. White did not object on any grounds to the State's instructions or to the instructions ultimately given by the trial court.

[3] The trial court's to-convict instruction for first degree robbery stated:

> To convict the defendant of the crime of Robbery in the First Degree, each of the following six elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 18th day of April, 2012 the defendant unlawfully took personal property from the person or in the presence of another[;]
> (2) That the defendant intended to commit theft of the property;
> (3) That the taking was against the person's will by the defendant's use or threatened use of immediate force, violence or fear of injury to that person;
> (4) That the force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking;
> (5) That in the commission of these acts or in the immediate flight therefrom the defendant inflicted bodily injury; and
> (6) That any of these acts occurred in the State of Washington.
> If you find from the evidence that these elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 62 (instruction 8). The to-convict instruction for second degree robbery (instruction 17) was identical in substance, except that it omitted the fifth element regarding the infliction of injury.

3

No. 43981-6-II

The jury found White guilty of second degree robbery. White appeals.

ANALYSIS

White argues that the trial court committed two instructional errors.[4] First, White argues that the trial court violated his right to a unanimous verdict by failing to give a *Petrich* instruction. Second, White argues that the trial court's to-convict instructions violated his right to a jury trial by misleading the jury about its power to nullify.

A.    *Failure To Give a Petrich Instruction*

White first claims that the trial court violated his right to a unanimous verdict by failing to give a *Petrich* instruction directing the jury to unanimously find whether White used force against Teague or against Gouveia.[5] We disagree.

In Washington, a jury may find a criminal defendant guilty only if it unanimously concludes that he committed the charged offense. *State v. Petrich*, 101 Wn.2d 566, 569, 683 P.2d 173 (1984), *overruled on other grounds by State v. Kitchen*, 110 Wn.2d 403, 405-06, 756 P.2d 105 (1988). When the record contains evidence of multiple acts that could constitute an offense but the State charges the defendant with only a single count, then *either* the State must elect the act constituting the offense[6] *or* the trial court must instruct the jury that they must agree unanimously on the act constituting the offense. *Petrich*, 101 Wn.2d at 572.

---

[4] White's assignments of error fail to identify the challenged instructions by number, as RAP 10.3(g) requires. Nonetheless, it is clear that he challenges (1) the absence of *Petrich* instruction and (2) the to-convict instructions.

[5] White may raise this issue for the first time on appeal because a trial court's failure to give a *Petrich* instruction is a manifest error affecting a constitutional right. *State v. Holland*, 77 Wn. App. 420, 424, 891 P.2d 49 (1995); *see* RAP 2.5(a)(3).

[6] The State did not make an election here.

4

A *Petrich* instruction is appropriate only if the record contains evidence of several distinct criminal acts. *Petrich*, 101 Wn.2d at 571; *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989). But a *Petrich* instruction is not appropriate where, considering the evidence in a commonsense manner, the record shows one continuing course of criminal conduct.[7] *Handran*, 113 Wn.2d at 17. The record shows a continuing course of conduct when there is evidence that the defendant took "a series of actions intended to secure the same objective." *State v. Fiallo-Lopez*, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995). One continuing course of conduct may occur even though the defendant directed his conduct at two different victims. *State v. Thompson*, 169 Wn. App. 436, 475, 290 P.3d 996 (2012), *review denied*, 176 Wn.2d 1023 (2013).

Considered in a commonsense manner, the record shows one continuing course of conduct in which White used force against Teague and Gouveia to secure the same objective: the theft of Walgreens's merchandise. Given this one continuing course of conduct, a *Petrich* instruction was not appropriate. *Handran*, 113 Wn.2d at 17. This argument fails.

---

[7] White does not argue that he engaged in more than one course of conduct.

B.   *Duty To Return a Guilty Verdict*

White also challenges the trial court's to-convict instructions, claiming that they violated his right to a jury trial by telling the jury of its "duty to return a verdict of guilty" if the evidence proved all elements beyond a reasonable doubt.[8] CP at 62, 71, 73. In response, the State contends that the invited error doctrine prohibits White from making this argument. We agree with the State.

The invited error doctrine "prohibits a party from setting up an error at trial and then complaining of it on appeal." *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984). Where a defendant has proposed instructions that the trial court gave to the jury, the defendant cannot appeal on the ground that his own proposed instructions violated his constitutional rights. *State v. Henderson*, 114 Wn.2d 867, 868, 792 P.2d 514 (1990). Here, White proposed three to-convict instructions, and the trial court gave them. Therefore the invited error doctrine prohibits White from arguing that the to-convict instructions violated his right to a jury trial, and we do not consider his argument.

---

[8] White claims that RAP 2.5(a)(3) also allows him to raise this issue for the first time on appeal. But no Washington case has decided whether a to-convict instruction containing the phrase "it will be your duty to return a verdict of guilty" presents a manifest error affecting a constitutional right. *See State v. Meggyesy*, 90 Wn. App. 693, 697-98, 958 P.2d 319 (1998) (invoking RAP 1.2(c) and considering the assigned error in a consolidated appeal where one appellant challenged the instruction at trial and the other did not). Regardless, RAP 2.5(a)(3) does not allow a defendant to make an argument that is prohibited by the invited error doctrine. *State v. Henderson*, 114 Wn.2d 867, 869-70, 792 P.2d 514 (1990); *see also State v. Corbett*, 158 Wn. App. 576, 592-93, 242 P.3d 52 (2010) (distinguishing invited error from a mere failure to object to a constitutionally erroneous instruction).

No. 43981-6-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Johanson, J.

_____
Bjorgen, J.