## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32955-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID WAYNE HAMLLIK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — The only two issues we consider in this appeal, from convictions

for second degree incest and third degree child molestation, are the two contained in

David Hamllik's pro se statement of additional grounds (SAG). We affirm the

convictions.

### FACTS

One morning a young man awoke to find he was naked from the waist down and

Mr. Hamllik was stroking his penis. The touching continued despite the victim's protests

until a visitor knocked on the door of the house. The incident was reported to the police.

Mr. Hamllik initially denied to the investigating officers that he touched the child,

but later confessed to the molestation. Charges of third degree child molestation and

second degree incest, both with domestic violence allegations, were filed. The defendant

filed seven different waivers of his right to a speedy trial. Clerk's Papers (CP) at 8-13, 15. His final waiver of his right to a speedy trial acknowledged his time for trial period was extended until October 22, 2014. CP at 15. He also filed a written waiver of his right to a jury trial. CP at 14. The matter eventually proceeded to a bench trial before the Honorable Brian Altman on October 7, 2014.

During trial, defense counsel cross-examined both of the officers who had interviewed his client about their interview techniques and the fact that the officers had asked Mr. Hamllik about his previous sexual relationships with other men. The prosecutor asked a single question on redirect examination of the final officer concerning why the interview had addressed Mr. Hamllik's sexuality. The officer explained that some of that information was already known to the police and they were using it as a "guideline" to assess how truthful he was being with them.

The trial judge convicted Mr. Hamllik as charged. The court imposed concurrent standard range sentences. Mr. Hamllik then timely appealed to this court.

Appointed counsel filed a brief solely challenging the absence of findings required by CrR 3.5 and CrR 6.1. The trial court entered the missing findings. Appellate counsel conceded the issues raised in the brief of appellant were now moot and asked this court to consider the two issues raised by Mr. Hamllik in his SAG. Since the prosecutor had

already responded to those issues, this court considered the SAG at its conference on this case.[1]

## ANALYSIS

Mr. Hamllik presents two claims. We address first his claim that the officers wrongly questioned him about his sexuality before turning, quite briefly, to related contentions that he was "forced" to waive his time for trial and jury rights.

Mr. Hamllik initially argues that "my private lifestyle was used as evidence in my trial[,] which is a violation of ER 404(b)." SAG at 1. This claim fails for multiple reasons.

First, evidence admitted in violation of the Rules of Evidence does not present a manifest constitutional error that this court can consider for the first time on appeal. RAP 2.5(a); *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990) (The admission of other "bad acts" evidence under ER 404(b) does not present a constitutional issue.). Mr. Hamllik did not object to the evidence in the trial court. Thus, he cannot challenge it now. *Id.*

Second, all of the evidence he now seeks to challenge was adduced by his own counsel during cross-examination of the two officers about their interview technique in an effort to paint the defendant's statement as a false confession. The doctrine of invited

---

[1] Normally, this court will ask both counsel to brief SAG issues of potential merit, RAP 10.10(f), but we vary from that approach under the facts of this case.

error therefore precludes our consideration of this claim. *E.g.*, *State v. Henderson*, 114 Wn.2d 867, 792 P.2d 514 (1990).

Third, as a related difficulty with this argument, there is no indication this evidence was ever used *against* Mr. Hamllik. He elicited the testimony in order to attack his confession. The trial court gave no indication it considered the testimony as any form of proclivity evidence. In short, he used the evidence for his own benefit and there was no indication it was used to support the State's case against him.

Finally, it is presumed that in a bench trial the trial judge will not consider improperly admitted evidence. *State v. Read*, 147 Wn.2d 238, 241, 53 P.3d 26 (2002); *State v. Miles*, 77 Wn.2d 593, 602, 464 P.2d 723 (1970). That is the case here. Nothing in the record suggests Judge Altman considered the evidence for any improper purpose.

The ER 404(b) claim is without merit.

Mr. Hamllik also argues he was forced to give up his right to a jury trial and to continue his trial date. The existing record does not support his claim. The case was continued at defense request and a jury trial waiver entered on July 21, 2014. Report of Proceedings (July 21, 2014) at 23-28. Nothing in the record of that hearing indicates Mr. Hamllik was forced to give up any of his rights. If he has evidence bearing on such a claim, his remedy is to file a personal restraint petition. *E.g.*, *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

4

No. 32955-1-III
*State v. Hamllik*

On this record, both of the contentions of the SAG are without merit.

Accordingly, the convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

5