# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON , | No. 79136-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SAMUEL VERDUSCO, | |
| Appellant. | FILED: March 2, 2020 |

APPELWICK, C.J. — Verdusco appeals a condition of community custody prohibiting him from associating with known current users or sellers of illegal drugs. He argues that the condition is unconstitutionally vague. We affirm.

## FACTS

Samuel Verdusco was convicted at trial of possession of a stolen vehicle, two counts of possession of a controlled substance, and one count of possession of a stolen vehicle. The trial court sentenced him to 25 months of confinement and 25 months community custody under a Drug Offender Sentencing Alternative (DOSA). It imposed various community custody conditions. The original printed text of community custody condition 4 read, "Do not associate with known users or sellers of illegal drugs." The trial court had the following exchange with defense counsel concerning that condition:

> THE COURT: Okay. And I will impose, obviously, on all of these, the conditions recommended in the DOSA risk assessment. Is there any condition there, Mr. Wackerman, that your client is taking exception to?

MR. WACKERMAN: The one traditionally asks the Court to modify the idea of no contact with users or sellers except for the purposes of treatment, which is condition No. 4.

THE COURT: You mean for like group treatment and that sort of thing?

MR. WACKERMAN: Yes.

THE COURT: I don't have a problem with modifying it in that regard. Is your client wishing me to read each of these?

MR. WACKERMAN: I don't know that we need that your Honor. We have reviewed them.

THE COURT: Okay. I have no problem with it other than as required for purposes of treatment. I guess because this issue came up today on another case of mine, I also think that associating with known users really should mean people who are currently, actively using.

MR. WACKERMAN: Yes.

THE COURT: Or currently using, because I had it in a situation where they were spouses, and neither one of them was currently using, but there was an issue of whether or not they could see each other.

MR. WACKERMAN: If the Court wishes to change it to known current users, we have no objection to that either.

The trial court changed the printed language of community custody condition 4 to read, "Do not associate with known current users or sellers of illegal drugs."

Verdusco appeals.

## DISCUSSION

Verdusco argues that community custody condition 4 is unconstitutionally vague and implicates his First Amendment rights. The State argues that the condition is not vague, and that the invited error doctrine should preclude his challenge.

2

A community custody condition that does not provide fair warning of proscribed behavior is unconstitutionally vague. In re Pers. Restraint of Brettell, 6 Wn. App. 2d 161, 167-68, 430 P.3d 677 (2018). A condition that implicates First Amendment rights must be particularly clear so as not to cause a chilling effect on the implicated rights. Id. at 168. Impossible standards of specificity are not required, since language always involves some degree of vagueness. State v. Halstien, 122 Wn.2d 109, 118, 857 P.2d 270 (1993). If a person of ordinary intelligence can understand what the condition forbids, then the condition is valid. Brettell, 6 Wn. App. 2d at 168.

The invited error doctrine prohibits a defendant from setting up an error at trial and then complaining of it on appeal. In re Pers. Restraint of Thompson, 141 Wn.2d 712, 723, 10 P.3d 380 (2000). It applies when a defendant complains of a jury instruction that they themselves proposed. State v. Henderson, 114 Wn.2d 867, 868, 870, 792 P.2d 514 (1990). The invited error doctrine precludes review of even constitutional errors. Id. at 871.

Here, Verdusco affirmatively requested a modification of the condition he now claims is vague. That request led to the addition of the word "current" into his community condition. Verdusco does not argue that the addition of the word "current" in his condition is an error. He instead takes issue with other terms in the condition. We therefore address his remaining vagueness concerns.

This court has previously upheld essentially the same condition in the face of vagueness and First Amendment challenges. In Brettell, this court upheld a condition barring a defendant from "'associat[ing] with known users or sellers of

3

illegal drugs.'"[1] 6 Wn. App. 2d at 169 (alteration in original). Brettell made many of the same challenges as Verdusco does here, taking issue with the terms "known" and "illegal drugs."[2] Id. at 169, 71.

The Brettell court found that "known" means known to the offender. See id. at 169. Verdusco cites a series of unpublished cases to cast doubt on this plain meaning. We are not bound by these cases, and find them unpersuasive. Like Brettell, "known" as used in this instruction means "known to the offender."

Verdusco, like Brettell, takes issue with the term "illegal drugs." Id. at 171. He is particularly concerned with marijuana, which is criminalized under federal but not state law. We reiterate the Brettell court's observation that, because marijuana is illegal under federal law, it is an "illegal drug" under the plain meaning of the term. Id. Verdusco also asks whether the prohibition applies to one who uses prescription drugs by a person without a prescription. He points out that the use of such prescription drugs is criminalized under Washington law. RCW 69.41.030. Verdusco seems to have answered his own question. The use of prescription drugs without a prescription is illegal. Id. A person who uses or sells prescription drugs under these circumstances is therefore a "user or seller of illegal drugs."

---

[1] The only difference between this condition and the condition at issue here is the inclusion of the word "current" before "users or sellers of illegal drugs." Verdusco does not specifically object to this portion of the condition. In any case, the addition of this language resulted from Verdusco's efforts with the trial court to eliminate vagueness. Any vagueness associated with the term was invited by him.

[2] Division Two of this court also upheld a substantially similar community custody condition in State v. Houck, 9 Wn. App. 2d 636, 643-45, 446 P.3d 646 (2019), review denied, ___Wn.2d ___, 456 P.3d 397 (2020). Relying on Brettell, the Houck court found that the term "known" was not unconstitutionally vague. Id. at 645.

Verdusco last takes issue with the word "associate." Though the challenged condition in Brettell contained this word, we did not analyze its vagueness. 6 Wn. App. 2d at 169-72. However, we cited with approval U.S. v. Vega, 545 F.3d 743, 749 (9th Cir. 2008). Brettell, 6 Wn. App. 2d at 170. Analyzing a similar community custody condition, the Vega court noted the term "associate" is not impermissibly vague because people of "'common intelligence'" need not guess at its meaning. Vega, 545 F.3d at 749 (quoting United States v. Soltero, 510 F.3d 858, 866-67 (9th Cir. 2007)). It does not prohibit incidental contacts. Id. And, contrary to Verdusco's concerns, it clearly does not prohibit Verdusco from taking part in drug treatment programs.[3]

We affirm.

_Appelwick, CJ_

WE CONCUR:

_Andrus, J._        _Dwyer, J._

---

[3] Again, Verdusco does not take issue with the term "current" in the condition, which erases any doubt that associating with recovering addicts in the context of treatment is not proscribed by the condition. Verdusco acknowledged the distinction in the trial court: During the trial court's discussion on community condition 4, the court asks the defense "if you're in treatment, you're not supposed to be a current user, correct?" Defense counsel responds in the affirmative.