[No. 37079-1-I.   Division One.   March 17, 1997.]

THE CITY OF SEATTLE, *Respondent*, v. EDWARD LARRY ABERCROMBIE, *Petitioner*.

---

[22]RAP 2.5(a)(3). *See, e.g., Scott,* 110 Wn.2d at 685.

394

*Neil M. Fox* of *The Defender Association*, for petitioner.

*Mark H. Sidran, City Attorney*, and *Margaret M. Boyle, Assistant*, for respondent.

AGID, J. — Edward Abercrombie, also known as Larry Patterson, appeals his conviction for obstructing a public officer, arguing that the obstruction ordinance under which he was charged is unconstitutionally vague and overbroad and that his conviction was not supported by sufficient evidence. We conclude that the obstruction ordinance is neither void for vagueness nor overbroad, and affirm.

## FACTS

At approximately 2 a.m. on April 30, 1993, Seattle Police officers involved in a narcotics surveillance operation near Fourth and Virginia in downtown Seattle were

investigating a suspicious narcotics incident observed by police that centered on a Toyota Celica parked in a nearby lot. Officer Gregory Hunter testified that he was instructed to join seven or eight other uniformed police officers in interviewing several individuals gathered around the Toyota to determine whether any of them had been involved in the incident. Police were also investigating a report that the car was stolen. Abercrombie was one of the people police interviewed at the scene. After he told officers he had no connection to the vehicle or the other people gathered around it, they told him he was free to go. But he chose to remain at the scene and began verbally abusing the officers as they continued interviewing other suspects. He screamed obscenities at the officers, threatened to kill them, raised his fists and waved his hands within inches of their faces. Officers repeatedly asked him to leave, but he refused to go away. After two officers escorted him to a spot about 50 feet away from where police were conducting the interviews, Abercrombie returned almost immediately and continued to verbally abuse and to threaten to hit the officers. Officers testified that Abercrombie's belligerent and physically aggressive behavior made it difficult for them to focus on questioning those who remained at the scene and interfered with their investigation by forcing them to turn their attention from their investigation to deal with his behavior. After Abercrombie returned, officers told him that, if he did not leave, he would be arrested. When he still did not leave, police did as they had promised and arrested him.

Abercrombie was charged with one count of menacing, in violation of SMC 12A.06.030(A)(1), and one count of obstructing a public officer, in violation of SMC 12A.16.010(A)(5). The case was tried to the bench. Although Abercrombie testified to a different version of the facts, the court found the officers' account more credible in part because of inconsistencies in Abercrombie's own testimony at trial and found him guilty of both menacing and obstructing an officer. Abercrombie appealed and the

superior court certified his appeal to this court, which accepted discretionary review.

## DISCUSSION
### Obstructing a Police Officer

Abercrombie first contends that his conviction for obstructing a public officer should be reversed because the ordinance under which he was convicted, SMC 12A.16.010(A)(5), is unconstitutionally overbroad and vague.

### A. Overbreadth

■ A statute or ordinance is overbroad if it sweeps constitutionally protected free speech activities within its prohibitions and there is no way to sever its unconstitutional applications.[1] *State v. Talley*, 122 Wn.2d 192, 210, 858 P.2d 217 (1993); *City of Seattle v. Huff*, 111 Wn.2d 923, 925, 767 P.2d 572 (1989). Criminal statutes require particular scrutiny and may be facially invalid if they " 'make unlawful a substantial amount of constitutionally protected conduct . . . even if they also have legitimate application.' " *Huff*, 111 Wn.2d at 925 (quoting *City of Houston v. Hill*, 482 U.S. 451, 459, 107 S. Ct. 2502, 2508, 96 L. Ed. 2d 398, *appeal dismissed* and *cert. denied*, 483 U.S. 1001 (1987)). A statute that regulates behavior and not pure speech "will not be overturned unless the overbreadth is 'both real and substantial in relation to the ordinance's plainly legitimate sweep.' " *City of Seattle v. Eze*, 111 Wn.2d 22, 31, 759 P.2d 366, 78 A.L.R.4th 1115 (1988). Even if a statute is "substantially overbroad," we will uphold it if we are able to limit its construction in a way that brings it within constitutional bounds. *State v. Halstien*, 122 Wn.2d 109, 123, 857 P.2d 270 (1993).

---

[1] Because of the important rights protected by the First Amendment, the overbreadth doctrine allows a litigant to challenge a statute on its face, rather than as applied to his own facts. The overbreadth doctrine thus creates a limited exception to the general rule that a party may not challenge a law on the ground that it is unconstitutional as applied to others. *City of Seattle v. Montana*, 129 Wn.2d 583, 597, 919 P.2d 1218 (1996).

SMC 12A.16.010(A)(5), under which Abercrombie was charged with obstructing an officer, provides:

> A person is guilty of obstructing a public officer if, with knowledge that the person obstructed is a public officer, he or she: . . .
>
> 5. Intentionally refuses to leave the scene of an investigation of a crime while an investigation is in progress after being requested to leave by a public officer.

On its face, SMC 12A.16.010(A)(5) regulates only conduct, not constitutionally protected speech. But Abercrombie still argues that the ordinance is overbroad because it criminalizes refusing to leave the scene of a police investigation when remaining at the scene is "necessary to challenge verbally and to observe police actions."

Although it is possible that a person who intentionally refuses to leave the scene of an investigation after being asked to do so by police officers may also be exercising his or her free speech rights, any impact of SMC 12A.16.010(A)(5) on those rights would be minimal. The ordinance does not limit what a person may say to police officers, nor does it limit a person's ability to observe what police officers are doing or to address the officers from a position outside the crime scene. Rather, a violation of the ordinance is triggered only by refusing to comply with an order to leave the scene of an investigation, not by exercising free speech rights. In other words, the ordinance punishes the refusal to leave, not the words spoken while remaining. It does not, as Abercrombie contends, limit anyone's ability to "challenge verbally" police officers conducting an investigation. It only limits the place from which someone may do so. Because its impact on an individual's right to free speech is minimal, we conclude that SMC 12A.16.010(A)(5) does not include "a substantial amount of constitutionally protected conduct" within its "plainly legitimate sweep." *See Halstien*, 122 Wn.2d at 123. For this reason, we reject Abercrombie's argument that SMC 12A.16.010(A)(5) is overbroad.

█ Moreover, to the extent the ordinance might interfere with an individual's right to free speech, the exercise of that right, even in public forums, is subject to valid time, place, and manner restrictions. So long as they " 'are content-neutral, . . . narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication,' " these restrictions are valid. *Huff*, 111 Wn.2d at 926 (quoting *United States v. Grace*, 461 U.S. 171, 177, 103 S. Ct. 1702, 75 L. Ed. 2d 736 (1983)). The ability of police officers to restrict public access to a crime scene serves a significant government interest both in facilitating a thorough investigation and assuring the safety of everyone at the scene, including bystanders, any suspects, and officers. Because SMC 12A.16.010(A)(5) is directed at the conduct of the individual interfering with an investigation, not the words being spoken, and only requires that a person leave the scene if asked, it is both content neutral and narrowly tailored.

## B. Vagueness

█ Abercrombie also argues that SMC 12A.16.010(A)(5) is void for vagueness, both on its face and as applied to his particular conduct. The purposes of the vagueness doctrine are to ensure that citizens receive fair notice as to what conduct is proscribed and to prevent arbitrary law enforcement. *Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 730-40, 818 P.2d 1062 (1991); *Eze*, 111 Wn.2d at 26. A statute is void for vagueness if it is so vague that persons " 'of common intelligence must necessarily guess at its meaning and differ as to its application'." *Haley*, 117 Wn.2d at 739 (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926)). But some measure of vagueness is inherent in the use of language. *Haley*, 117 Wn.2d at 740. Thus, impossible standards of specificity are not required. *Eze*, 111 Wn.2d at 26. A statute is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be

classified as prohibited conduct. *Eze*, 111 Wn.2d at 26-27. Rather, a statute is presumed constitutional, and the burden is on the party challenging it as unconstitutionally vague to prove beyond a reasonable doubt that it fails to make plain the general area of conduct it prohibits. *Halstien*, 122 Wn.2d at 118. A statute supplies adequate standards to protect against " 'arbitrary, erratic, and discriminatory enforcement' " unless the statute " 'proscribes conduct by resort to "inherently subjective terms" ' " or invites an inordinate amount of police discretion. *State v. Coria*, 120 Wn.2d 156, 164, 839 P.2d 890 (1992) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 180-81, 795 P.2d 693 (1990)). When a challenged statute does not involve First Amendment rights, we evaluate the statute in light of the particular facts of each case. *Halstien*, 122 Wn.2d at 117. A party to whose conduct a statute clearly applies may not challenge it on the ground that it is vague as applied to the conduct of others. *Haley*, 117 Wn.2d at 740.

██ Abercrombie first argues that SMC 12A.16.010-(A)(5) is unconstitutionally vague because it does not require an officer to have any reason before ordering a person to leave the scene of an investigation. Thus, he contends, whether an officer asks someone to leave depends on the officer's whim. But we must read subparagraph (5) of the ordinance with paragraph (A). *See Huff*, 111 Wn.2d at 929 (the language of a statute challenged as void for vagueness is considered in the context of the statute as a whole). When SMC 12A.16.010(A)(5) is read in its entirety, it becomes clear that there can be no violation of the ordinance without two other elements: the person who is asked to leave must know that the officer is a public official and act in a way that obstructs that officer. SMC 12A.16.010(A)(5) thus does not, as Abercrombie contends, allow police unfettered discretion to tell someone observing police actions in a public place to move on.

Abercrombie also argues that the ordinance is unconstitutionally vague because it does not define "scene of an

investigation of a crime." He argues that a person of ordinary intelligence would have no way of knowing whether a crime scene extends 5 or 50 feet from where officers are standing and, therefore, an officer can "make up as they go where the imaginary boundaries are." He does not, however, assert that the ordinance was vague as applied to him under the facts of this case, nor is there any reasonable basis on which to do so. *See Halstien*, 122 Wn.2d at 117. A field report prepared at the scene reflects that Abercrombie had been briefly interviewed by police officers in connection with the investigation, so he was aware that police were conducting an investigation. The record also reflects that Abercrombie was waving his fists within inches of the officers' faces, so he was neither 5 nor 50 feet from the scene. SMC 12A.16.010(A)(5) is not unconstitutionally vague as applied to the facts in this case.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

KENNEDY, A.C.J., and GROSSE, J., concur.

Reconsideration denied April 9, 1997.

Review denied at 133 Wn.2d 1005 (1997).