58 P.3d 273 (2002)
147 Wash.2d 717
CITY OF SEATTLE, Respondent,
v.
Paul H. PATU, Petitioner.
No. 71842-3.
Supreme Court of Washington, En Banc.
Argued June 13, 2002.
Decided November 7, 2002.
Reconsideration Denied January 14, 2003.
Christine Jackson, Public Defender, for Petitioner.
Thomas A. Carr, City Attorney, Richard Greene, Asst. City Attorney, for Respondent.
Suzanne Elliott, David Donnan, Washington Appellate Project, Seattle, Amicus Curiae on Behalf of Washington Association of Criminal Defense Lawyers.
CHAMBERS, J.
We are asked to determine whether the invited error doctrine precludes consideration of the petitioner's complaint that an essential element was omitted from the jury instructions at his trial. We conclude that it does.
In November 1994, Paul H. Patu and his friend, J.T. Loveless, joined a group of late night revelers in Othello Park. Shortly thereafter, Seattle police responding to a complaint of noise investigated Loveless for an alcohol violation. When the police attempted to arrest Loveless on outstanding warrants, he resisted. Concerned about possible use of excessive force as police attempted to subdue Loveless, Patu kept rushing at the officers, yelling obscenities and ignoring orders to stay back. Patu was charged with physically interfering with an officer and with refusing to leave a crime scene when requested to do so by police. He was tried by jury in Seattle Municipal Court.
The Seattle obstruction ordinance provides in relevant part:
A. A person is guilty of obstructing a public officer if, with knowledge that the person obstructed is a public officer, he or she:
1. Intentionally and physically interferes with a public officer; or
....
5. Intentionally refuses to leave the scene of an investigation of a crime while an investigation is in progress after being requested to leave by a public officer.
Seattle Municipal Code 12A.16.010. The trial court adopted defense counsel's proposed "to convict" instruction, which did not refer to obstruction as an element.
The jury convicted Patu on both counts. His appeal to the superior court was stayed pending the outcome of a constitutional challenge to Seattle's obstruction ordinance. See City of Seattle v. Abercrombie, 85 Wash.App. *274 393, 945 P.2d 1132 (1997). In Abercrombie, the Court of Appeals held that in order to preserve its constitutionality, the obstruction ordinance must be read as a whole, including the elements of "actual obstruction" and "known public officer" found in the introductory language of section A. When Abercrombie was decided, the superior court lifted Patu's stay and affirmed his conviction. Patu appealed to the Court of Appeals, arguing that the "to convict" instruction violated due process by relieving the State of its burden of proving every element beyond a reasonable doubt, thereby depriving him of a fair trial. See, e.g., State v. Stein, 144 Wash.2d 236, 241, 27 P.3d 184 (2001). The Court of Appeals concluded that the "to convict" instruction was defective but declined to reverse the conviction because the error was invited. City of Seattle v. Patu, 108 Wash. App. 364, 375, 30 P.3d 522 (2001).
The State does not challenge the Court of Appeals holding that the instruction was defective. The only issue before us is whether the instructional error was invited. We therefore do not address the constitutionality of the Seattle obstruction ordinance.
The original goal of the invited error doctrine was to "prohibit[ ] a party from setting up an error at trial and then complaining of it on appeal." State v. Pam, 101 Wash.2d 507, 511, 680 P.2d 762 (1984), overruled on other grounds by State v. Olson, 126 Wash.2d 315, 893 P.2d 629 (1995). In Pam, the State intentionally set up an error in order to create a test case for appeal. Pam, 101 Wash.2d at 511, 680 P.2d 762. Since then, the doctrine has been applied even in cases where the error resulted from neither negligence nor bad faith. See, e.g., State v. Studd, 137 Wash.2d 533, 547, 973 P.2d 1049 (1999). In Studd, a consolidated case, the six defendants all proposed instructions that erroneously stated the law of self-defense. Id. at 545, 973 P.2d 1049. Some, however, also proposed an instruction that effectively remedied the error. While concluding that the error was of constitutional magnitude and therefore presumed prejudicial, we held that those defendants who had proposed the erroneous instruction without attempting to add a remedial instruction had invited the error and could not therefore complain on appeal. Id. at 546-47, 973 P.2d 1049.
This court has treated missing elements with especial care. Nevertheless, the invited error doctrine has been applied in cases where, as here, the "to convict" instruction omitted an essential element of the crime. See, e.g., State v. Henderson, 114 Wash.2d 867, 869, 792 P.2d 514 (1990) (failing to specify the intended crime in a conviction for attempted burglary); State v. Summers, 107 Wash.App. 373, 380-82, 28 P.3d 780 (2001) (omitting the knowledge element of unlawful possession of a firearm).
We affirm our holding in Studd. "`"[A] party may not request an instruction and later complain on appeal that the requested instruction was given."`" Studd, 137 Wash.2d at 546, 973 P.2d 1049 (quoting State v. Henderson, 114 Wash.2d 867, 870, 792 P.2d 514 (1990) (emphasis omitted in Studd) (quoting State v. Boyer, 91 Wash.2d 342, 345, 588 P.2d 1151 (1979))). Accordingly, we affirm the Court of Appeals and remand this case to Seattle Municipal Court for reimposition of the sentence.
WE CONCUR: ALEXANDER, C.J., SMITH, IRELAND, BRIDGE, OWENS, JJ.
JOHNSON, J. (dissenting).
The majority holds a defendant invites error, waiving review, when he proposes a jury instruction based on a presumptively constitutional source of law in good faith, but that source is later held to contain constitutional flaws. The majority's extension of the invited error doctrine ignores the rationale behind the doctrine and violates Patu's constitutional right to a fair trial. I therefore dissent.
The majority's reliance on State v. Studd is misplaced. Studd is distinguishable from the case before us and should not be controlling here. In Studd, the omitted element resulted from a flaw in the pattern jury instruction given, not from reliance on a presumptively constitutional statute. Studd, 137 Wash.2d 533, 539, 973 P.2d 1049 (1999). In contrast, the error in Patu's case was based on an ordinance. An ordinance, like a statute, is presumed to be constitutional unless the presumption *275 is overcome. See State v. Williams, 144 Wash.2d 197, 216, 26 P.3d 890 (2001). Pattern jury instructions, although developed in an effort to provide "simple, brief, accurate and unbiased statements of the law," carry no such presumption. Studd, 137 Wash.2d at 554, 973 P.2d 1049 (Madsen, J., concurring). Relying upon a pattern instruction is significantly distinguishable from relying upon a statute that the invited error doctrine should not apply.
Furthermore, the doctrine of invited error should not be applied without regard to its purpose. It was developed to prohibit parties from intentionally misleading trial courts by setting up an error at trial and then complaining of it on appeal. "The invited error doctrine was originally founded on the principle of estoppel, and was designed to prevent a party from inducing reliance by the court and his or her adversary on one theory at trial and raising a new theory on appeal." In re Pers. Restraint of Griffith, 102 Wash.2d 100, 105, 683 P.2d 194 (1984) (Utter, J., dissenting) (citing Elliott & Elliott, Appellate Procedure 550-52 (1892)). The purpose of preventing a party from benefiting on appeal from bad faith actions at trial is not served by strictly applying this doctrine.
Because the invited error doctrine is a judicially created prudential doctrine, it is not an absolute bar to review of fundamental constitutional rights. Here, Patu argues his right to a fair trial was violated. The most fundamental requirement of a fair trial is that "criminal convictions ... rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Our own cases also reflect this principle. State v. Brown, 147 Wash.2d 330, 339, 58 P.3d 889 (2002); State v. Stein, 144 Wash.2d 236, 241, 27 P.3d 184 (2001). The majority, however, applies the invited error doctrine without regard to Patu's constitutional right to due process.
I would apply invited error as we do other prudential doctrines, with discretion and to further specific judicial goals. Cf. In re Det. of C.W., 147 Wash.2d 259, 270, 53 P.3d 979 (2002) (although cases technically moot, this court agreed review was appropriate because they raised matters of continuing and substantial public interest); City of Tacoma v. Luvene, 118 Wash.2d 826, 841, 827 P.2d 1374 (1992) ("no prudential purpose is served by refusing to entertain a claim that an ordinance is overbroad"); RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.") (emphasis added).
A model for this approach is found in an en banc Ninth Circuit decision which recognizes the reviewing court must "consider whether the defendant intentionally relinquished or abandoned a known right" when applying the invited error doctrine. United States v. Perez, 116 F.3d 840, 845 (9th Cir.1997). "If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable." Perez, 116 F.3d at 845. In Perez, however, as in the present case, neither the defendants, the prosecution, nor the court, was aware of deficiencies in the jury instruction. Perez, 116 F.3d at 845. Because no evidence existed that the defendants considered submitting the faulty instruction for tactical reasons, they did not knowingly waive a known right. Perez, 116 F.3d at 845. Instead, the Perez court labeled this kind of error "forfeited error" because the defendant was unaware the right was being violated. Perez, 116 F.3d at 846.
Importantly, the Perez approach ensures appellate review if an error was forfeited instead of waived. Perez, 116 F.3d at 845. A forfeited error is reviewed under a "plain error" standard, which requires (1) an error (2) which is plain (3) affecting substantial rights. Perez, 116 F.3d at 846. Then, even if this test is met, correcting the error remains discretionary, based on whether "`the error' seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Perez, 116 F.3d at 846 (quoting United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936))). Thus, the prudential goal of the invited error doctrine  preventing parties intentionally misleading courts  is preserved, and the defendant's right to have violations of his constitutional right to a fair trial reviewed is also protected.
*276 A basis exists for such an approach in our cases as well. See, e.g., State v. Pam, 101 Wash.2d 507, 511, 680 P.2d 762 (1984), overruled on other grounds, State v. Olson, 126 Wash.2d 315, 893 P.2d 629 (1995). In Pam, the State set up a test case by asking the trial court to sustain Pam's objections in order for a particular issue to be resolved by a higher court. We held this was exactly the type of behavior the invited error doctrine was meant to address. Pam, 101 Wash.2d at 511, 680 P.2d 762.
Our Court of Appeals has also recognized an error must be intentionally set up and specifically invited when it applies this doctrine. See State v. Meggyesy, 90 Wash.App. 693, 958 P.2d 319, review denied, 136 Wash.2d 1028, 972 P.2d 465 (1998) (invited error doctrine did not apply when a defendant agreed to the standard range of the sentence and argued against the weapons enhancement on appeal); State v. Lewis, 15 Wash.App. 172, 548 P.2d 587, review denied, 87 Wash.2d 1005 (1976) (defendant may not make a tactical choice at trial, from which he hopes to benefit, and then argue his own actions create an issue for appeal).
I would adopt the Perez approach here because it would ensure review of Patu's claim of error and consideration of his constitutional right of due process. Patu relied on the language in Seattle's ordinance for the elements of his proposed "to convict" instruction. A defect in the "to convict" instruction was not apparent until the Court of Appeals clarified the ordinance's elements in City of Seattle v. Abercrombie, 85 Wash.App. 393, 400, 945 P.2d 1132 (1997). Patu was convicted two years prior to this clarification. Suppl. Br. of Pet'r at 1. Patu's good faith in submitting the instruction is evident because the omitted element, "actual obstruction," would have benefited Patu because it would have supported his defense. Suppl. Br. of Pet'r at 17. These facts not only meet the three-part Perez test, they also indicate the fairness and integrity of Patu's trial was seriously affected.
Intellectual honesty requires we reexamine the fundamental approach to the invited error doctrine. As Justice Utter eloquently wrote,
in cases like this where the petitioner ... could not possibly have known that the instruction was erroneous [and] could have done nothing to prevent its adoption by the court ... barring any challenge to the instruction works a gross injustice without furthering any legitimate judicial purpose. I would hold that under the facts and circumstances of this case petitioner's "proposal" of the unconstitutional instruction does not bar his subsequent claim that the erroneous instruction deprived him of a fair trial.
Griffith, 102 Wash.2d at 105, 683 P.2d 194 (Utter, J. dissenting).
This analysis rings equally true here. By relying upon a presumptively constitutional ordinance, Patu did not waive the error, nor could he have benefited from it at trial. Strict adherence to the judicially created doctrine of invited error in this case does not further any legitimate judicial purpose and denies review of Patu's claimed violation of his right to a fair trial. Because I believe we have strayed dangerously from the correct application of the invited error doctrine, I dissent.
SANDERS and MADSEN, JJ., concur.