# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73313-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDALL P. FOLTYNIEWICZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 20, 2016 |
| | ) | |

VERELLEN, C.J. — Randall Foltyniewicz appeals from his felony harassment and violation of a court order convictions. Randall contends the trial court's jury instruction limiting the use of ER 404(b) evidence was an improper comment on the evidence.[1] Because Randall proposed the language used for the limiting instruction, we conclude the invited error doctrine precludes our review. He also contends his counsel was ineffective for opening the door during cross-examination to previously excluded testimony about his prior assault of his son. But defense counsel's decision to attack the victim's credibility constitutes a legitimate trial strategy.

Therefore, we affirm the judgment and sentence.

## FACTS

In November 2014, Randall told four police officers that he was going to attempt to murder his wife, Tiffany. When one of the officers told Tiffany about the threat, she

---

[1] We refer to Foltyniewicz and the victim by their first names for clarity.

stated that she believed Randall would carry out the threat and try to murder her. After police arrested Randall, Tiffany obtained a no-contact order against him. Randall sent a letter from jail to Tiffany's residence.

The State charged Randall with one count of felony harassment and one count of misdemeanor violation of a court order. Before trial, the court ruled the State could present ER 404(b) evidence of Randall's prior domestic violence. The court precluded the State from presenting evidence that Randall had once assaulted their son, determining that such evidence was cumulative and unduly prejudicial.

At trial, during cross-examination of the arresting officer, defense counsel asked if there was any record of Randall assaulting his son or if the officer had interviewed the son. The officer testified that there was no record of an assault and that he had observed the son, who appeared normal, but had not interviewed him.

Defense counsel also questioned Tiffany about her allegations that Randall had assaulted her and their son. Defense counsel questioned Tiffany's prior statements that she had pictures to corroborate her allegations, yet she was unable to provide them at trial. On redirect, the State questioned Tiffany about the assault allegation, and she said that Randall once had held their son down on a bed by his chest so hard that he had left bruises. In closing argument, defense counsel attacked Tiffany's credibility by noting inconsistencies in her testimony.

The parties submitted proposed jury instructions. The defense offered a limiting instruction for the ER 404(b) evidence. The trial court ultimately added language that the evidence was also permitted "for the purpose of showing . . . that the words or conduct of Randall Foltyniewicz placed Tiffany Foltyniewicz in reasonable fear that the

2

alleged threat to kill would be carried out."[2] The parties did not object to the final limiting instruction:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of Tiffany Foltyniewicz's allegations that Randall Foltyniewicz psychologically and physically abused her prior to November 8, 2014. This evidence may be considered by you *only for the purpose of showing* (1) that the words or conduct of Randall Foltyniewicz placed Tiffany Foltyniewicz in reasonable fear that the alleged threat to kill would be carried out, and/or (2) that the alleged felony harassment was part of an ongoing pattern of psychological or physical abuse of the victim manifested by multiple incidents over a prolonged period of time. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.[3]

The jury found Randall guilty of felony harassment and violation of a court order but could not reach a unanimous decision on the domestic violence aggravator.

Randall appeals.

## ANALYSIS

### *Limiting Instruction*

Randall contends the language used in the limiting instruction was an improper comment on the evidence because it implied that the evidence was sufficient to prove the question. We disagree.

The invited error doctrine prohibits a party who sets up an error at trial from claiming that very action as error on appeal.[4] We apply this doctrine whether the error was made negligently or in bad faith, even when the error is of constitutional magnitude and presumed prejudicial.[5] Courts will also consider whether a defendant affirmatively

---

[2] CP at 279.

[3] CP at 279 (emphasis added).

[4] State v. Momah, 167 Wn.2d 140, 153, 217 P.3d 321 (2009).

[5] City of Seattle v. Patu, 147 Wn.2d 717, 720, 58 P.3d 273 (2002).

assented to the error.[6] A party cannot request or materially contribute to an instruction and then later complain on appeal that the instruction was improper and should not have been given.[7]

Randall initially proposed the language used in the limiting instruction that he now challenges on appeal. Randall proposed:

> This evidence . . . *may be considered by you only for the purpose of showing that* the alleged felony harassment was a part of an ongoing pattern of physical abuse of the victim as manifested by multiple incidents over a prolonged period of time.[8]

The court adopted this language and added that the evidence was also permissible to demonstrate the reasonableness of the victim's fear. The final instruction stated:

> *[T]his evidence may be considered by you only for the purpose of showing* (1) that the words or conduct of Randall Foltyniewicz placed Tiffany Foltyniewicz in reasonable fear that the alleged threat to kill would be carried out and/or (2) that the alleged felony harassment was part of an ongoing pattern of psychological or physical abuse of the victim manifested by multiple incidents over a prolonged period of time.[9]

Neither party objected to this version of the instruction. Both Randall's version and the instruction as given use the language that Randall proposed. Because Randall initially proposed the language in the instruction that he challenges on appeal and he materially contributed to the final jury instruction given, we conclude the invited error doctrine bars his claim on appeal.

---

[6] Momah, 167 Wn.2d at 154-55; In re Dependency of K.R., 128 Wn.2d 129, 147, 904 P.2d 1132, 1141 (1995).

[7] State v. Henderson, 114 Wn.2d 867, 870, 792 P.2d 514 (1990); Patu, 147 Wn.2d at 720.

[8] CP at 316 (emphasis added).

[9] CP at 279 (emphasis added).

*Ineffective Assistance*

Randall contends defense counsel was ineffective for opening the door to previously excluded testimony about Randall's prior assault of his son. We disagree.

We review ineffective assistance claims de novo.[10] To prevail, the defendant must show that counsel was deficient and the deficiency caused prejudice.[11] Representation is deficient if, under all the circumstances, the performance falls below an objective standard of reasonableness.[12] We are highly deferential to counsel's performance.[13] We strongly presume that counsel's performance was reasonable and that there were legitimate strategic or tactical reasons supporting counsel's challenged conduct.[14] Prejudice exists if there is a reasonable probability that, but for the deficient performance, the result would have been different.[15]

Before trial, the court excluded any evidence that Randall had abused his child as "duplicative and unnecessarily prejudicial."[16] But during cross-examination, defense counsel asked the arresting officer:

Q. [Tiffany] also said that he was an abusive father; is that correct?

A. She said that at one--I think it was in her statement.

Q. And did you ever look up to see if there was ever any CPS records?

---

[10] In re Personal Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001).

[11] State v. Humphries, 181 Wn.2d 708, 719-20, 336 P.3d 1121 (2014).

[12] Strickland v. Washington, 466 U.S. 668, 685-87, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011).

[13] In re Personal Restraint of Gomez, 180 Wn.2d 337, 348, 325 P.3d 142 (2014) (citing Strickland, 466 U.S. at 689); State v. Carson, 184 Wn.2d 207, 218, 357 P.3d 1064 (2015).

[14] Strickland, 466 U.S. at 689; Grier, 171 Wn.2d at 42.

[15] Strickland, 466 U.S. at 685-87; Grier, 171 Wn.2d at 32-33.

[16] RP (Feb. 24, 2015) at 56-57.

A.   No, I did not.

Q.   Did you ever speak with [the child]?

A.   No, I did not.

Q.   From--you saw him there?

A.   I saw him through the--he was in the ER room, and I saw him from outside the doors. I never made contact with him.

Q.   And from what you could tell, he looked like a normal, healthy kid?

A.   He looked normal.

Q.   Like a normal seven-year-old boy?

A.   Yeah.[17]

The prosecutor alerted the court that defense counsel had opened the door to evidence about "abuse of the child."[18]

The record does not suggest that defense counsel was unaware of the open door doctrine. Rather, the record supports that defense counsel deliberately decided to disregard the court's decision to not allow the State to admit testimony of alleged child abuse when he raised the issue during cross-examination. The State substantially relied on Tiffany's testimony to prove that she reasonably feared Randall would carry out his threat to kill her and to demonstrate an ongoing pattern of abuse. Randall did not testify at trial.

Defense counsel's strategy to discredit Tiffany's testimony by questioning her lack of evidence was a legitimate tactical decision. For example, defense counsel asked Tiffany about bruises she claimed Randall had left on their son in 2012. Tiffany

---

[17] RP (Mar. 2, 2015) at 96-97.
[18] RP (Mar. 2, 2015) at 170.

told the police that she had taken pictures of the bruises, but she never gave those pictures to police. In earlier testimony, Tiffany had claimed to have pictures and records to support several other accusations that she had also been unable to provide to police. She then claimed Randall had accessed her e-mail accounts and had deleted the pictures. Defense counsel suggested that Tiffany was making the allegations up in order to gain full custody of her son. Defense counsel reasonably determined that attacks on Tiffany's credibility outweighed any prejudice from admitting the allegations of prior child abuse.

Therefore, we conclude that defense counsel's strategy to elicit testimony about Randall's alleged assault of his child was a legitimate tactical decision.

Finally, in the absence of any error, we reject Foltyniewicz's assertion of cumulative error.

Affirmed.

WE CONCUR: