# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52806-1-II |
| Respondent, | |
| v. | |
| DALE LEE PAEPER, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Dale Lee Paeper appeals his conviction for possession of a stolen vehicle. Paeper argues that the trial court's instruction defining knowledge violated his right to due process, and he received ineffective assistance of counsel.

We decline to address the merits of Paeper's claim of instructional error pursuant to the invited error doctrine and hold that Paeper fails to show that he was deprived of effective assistance of counsel. We affirm.

## FACTS

On August 15, 2018, Jose Laigo reported his Honda Accord stolen from the Muckleshoot Casino Resort parking lot. On the same day, an Auburn police officer saw a Honda Accord being closely followed by a second car in an alley, which paralleled the street the officer was driving on. It was later determined that Paeper was driving the Accord. The officer provided dispatch with the license plate number. The car was not identified as stolen.

The next day, police officers responded to a call concerning unwanted individuals in a Wal-Mart parking lot. Upon arrival, an officer noticed a Honda Accord with its trunk open. The officer observed Paeper working inside of the trunk for several minutes. Paeper was working in the

taillight region on both sides of the trunk and below the interior of the trunk. The officer relayed the license plate number to dispatch, and dispatch identified the car as stolen. Paeper was arrested and charged with one count of unlawful possession of a stolen vehicle.

Paeper's case proceeded to trial. Paeper's counsel and the State proposed jury instructions. Both parties proposed an instruction that contained the following language:

> A person knows or acts knowingly or with knowledge with respect to a fact when he or she is aware of that fact.
>
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

Clerk's Papers (CP) at 42, 107. The court instructed the jury on knowledge using the proposed language.

The jury found Paeper guilty as charged. He now appeals.

## DISCUSSION

### I. JURY INSTRUCTION

Paeper argues that the court's instruction defining knowledge violated his right to due process because it relieved the State of its burden to prove every element of the crime charged by permitting the jury to find him guilty based on constructive knowledge rather than actual knowledge. Paeper argues that this error is a manifest constitutional error that requires reversal of his conviction. We decline to review Paeper's claim of error.

The invited error doctrine prohibits "'a party from setting up an error at trial and then complaining of the error on appeal.'" *City of Seattle v. Patu*, 147 Wn.2d 717, 720, 58 P.3d 273 (2002) (quoting *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), *overruled on other*

*grounds by State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995)). In determining whether an error was invited, a reviewing court considers whether the defendant affirmatively assented to the error, materially contributed to it, or benefited from it. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014).

Invited error prevents review of instructional errors even if they are of constitutional magnitude. *Patu*, 147 Wn.2d at 720. Therefore, a party may not request a jury instruction and complain on appeal that the requested instruction was given. *State v. Hood*, 196 Wn. App. 127, 131, 382 P.3d 710 (2016). In *Patu*, the "to convict" jury instruction omitted an essential element of a crime charged. 147 Wn.2d at 720. The court held that the erroneous instruction was grounds for reversal, but the court's review of the defendant's constitutional claim was barred by his own proposal of the defective instruction. *Id*. at 721.

Similarly, in *State v. Henderson*, the defendant claimed that an instructional error violated his due process rights to have the jury instructed on the definition of every element of the offense charged. 114 Wn.2d 867, 869, 792 P.2d 514 (1990). Because the trial court gave the jury instructions at the defendant's request, the court held that "even if error was committed, of whatever kind, it was at the defendant's invitation and he is therefore precluded from claiming on appeal that it is reversible error." *Id.* at 870.

The principles set forth in *Patu* and *Henderson* directly apply to this case. Here, Paeper argues that the trial court's instruction defining knowledge violated his right to due process. Paeper argues that this alleged instructional error is a manifest constitutional error that requires reversal of his conviction. However, Paeper's counsel proposed the knowledge instruction that he argues

was defective. Because Paeper was the proponent of the instruction that he now seeks to challenge on appeal, the invited error doctrine precludes review of the merits of his alleged error.

Accordingly, we hold that Paeper's instructional error claim is barred under the invited error doctrine.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Paeper argues that he received ineffective assistance of counsel because his counsel needlessly proposed a duplicative jury instruction on knowledge. Paeper argues that proposing the instruction constituted deficient performance because only the State has the duty to propose jury instructions and caused him prejudice because it "potentially" barred his right to appeal. Br. of Appellant at 17. We disagree.

The right to counsel includes the right to effective assistance of counsel. *State v. Crawford*, 159 Wn.2d 86, 97, 147 P.3d 1288 (2006). To show ineffective assistance of counsel, a defendant must show (1) that defense counsel's conduct was deficient and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). We do not address both prongs of the test when the defendant's showing on one prong is insufficient. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

There is a strong presumption of effective assistance, as we are "highly deferential to the performance of counsel." *Crawford*, 159 Wn.2d at 98. To show deficient performance, Paeper must show that defense counsel's performance fell below an objective standard of reasonableness based on the record established in the proceedings below. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To show prejudice, Paeper must also show that "there is a reasonable

probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Paeper argues that his counsel was deficient because, unlike the State, he had no obligation to propose a knowledge instruction, but he nevertheless proposed the same knowledge instruction as the State. He argues that this was not a legitimate tactical decision because by proposing the allegedly erroneous instruction, counsel foreclosed or burdened Paeper's right to appeal under the invited error doctrine. Paeper also argues that he was prejudiced because it "potentially" waived his right to appeal. Br. of Appellant at 17.

Here, both the prosecutor and defense counsel proposed the knowledge instruction that Paeper challenges on appeal. Even if we determine that the WPIC instruction was erroneous, it was correct at the time defense counsel proposed the instruction and at the time it was given to the jury. *State v. Studd*, 137 Wn.2d 533, 551, 973 P.2d 1049 (1999) (determining counsel was not deficient because "counsel can hardly be faulted for requesting a jury instruction based upon a then-unquestioned WPIC").

Furthermore, Paeper's prejudice argument is based on possible burdens that he may encounter at the appellate level. However, in order to satisfy the prejudice prong for an ineffective assistance of counsel claim, the defendant must show that but for his counsel's proposal of the instruction, the result of his proceeding would have been different. *McFarland*, 127 Wn.2d at 335. Paeper does not argue that but for his counsel's proposal of the allegedly erroneous instruction, the outcome of his trial would have been different.

Even if we conclude that Paeper properly argued prejudice, he still cannot show that the proceedings below would have differed. The State proposed the same knowledge instruction as

defense counsel, and Paeper did not object to the State's proposed instruction. Thus, even if Paeper's counsel had not proposed such instruction, the court would have used the same language to instruct the jury on the definition of knowledge.[1]

Therefore, we hold that Paeper's counsel did not render ineffective assistance by proposing a duplicative instruction.

## CONCLUSION

We hold that the invited error doctrine precludes review of Paeper's claim that the trial court erred in giving his proposed knowledge instruction, and that Paeper did not receive ineffective assistance of counsel. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, J.

We concur:

_____
MAXA, P.J.

_____
GLASGOW, J.

---

[1] Paeper does not argue that his counsel was ineffective for failing to object to the State's proposed instruction.