# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58656-8-II |
| Respondent, | |
| v. | |
| LABARRON TESHAUN CONNERS, aka CLAYTON T. KING, CLAYTON T KING, CLAYTON TYRONE KING, LABARRON CONNERS, LABARRON T. CONNERS, LABARRON TYSHAUN CONNERS, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J. — Labarron Conners pleaded guilty to second degree assault. As a condition of Conners' community custody, the superior court ordered a mental health evaluation and treatment. Conners appeals, arguing that the superior court erred by ordering a mental health evaluation without first finding him mentally ill and that this condition contributed to his offense as required by RCW 9.94B.080. The State contends that the court properly ordered Conners to undergo a mental health evaluation because it was undisputed that Conners suffered from a mental illness that contributed to his offense. We affirm.

## FACTS

In February 2021, Conners was voluntarily admitted to Wellfound Behavioral Health Hospital (WBHH) due to "disease progression," and his history of paranoid schizophrenia, suicidal

ideation, and auditory hallucination. Clerk's Papers (CP) at 95. Conners was diagnosed with schizoaffective disorder bipolar type and unspecified anxiety.

Shortly thereafter, Conners struck another patient in the face, breaking his jaw. Conners was charged with second degree assault. The superior court ordered a competency evaluation at defense counsel's request.

The competency evaluation report, dated two years after the assault, concluded that Conners presented no current symptoms of a genuine mental illness that significantly interfered with his capacity to understand the nature of the proceedings against him or to assist in his own defense. The evaluation also noted Conners' significant mental health history, including "one hearing and four investigations . . . , two previous competency evaluations, one period of competency restoration services, psychotropic medications, and diagnoses related to psychosis and antisocial behavior." *Id.* at 21. Conners told the evaluator that he received services from several behavioral health centers in the past four years. Consistent with the evaluator's recommendation, the court concluded that Conners was competent to stand trial.

Conners pleaded guilty to second degree assault. The court sentenced Conners to a term of incarceration below the standard range on the recommendations of both the State and defense counsel. Both parties emphasized Conners' mental health concerns in making their recommendations. In fact, Conners' mental health and his need for treatment was the centerpiece of his argument for a downward departure of his sentence. The court ordered Conners to complete a mental health evaluation and any required treatment as a condition of community custody at defense counsel's request. The court did not enter any express, written findings in support of the community custody conditions.

Conners appeals the trial court's order for a mental health evaluation and treatment.

ANALYSIS

Conners argues that the trial court erred in ordering him to complete a mental health evaluation and treatment without first finding that he has a mental illness as defined in RCW 71.24.025 and that this condition was likely to have contributed to the offense. We reject this contention, however, because Conners invited the error of which he now complains.      The invited error doctrine prohibits " 'a party from setting up an error at trial and then complaining of it on appeal.' " *City of Seattle v. Patu*, 147 Wn.2d 717, 720, 58 P.3d 273 (2002) (quoting *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), overruled on other grounds by *State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995)). In determining whether an error was invited, a reviewing court considers "whether the defendant affirmatively assented to the error, materially contributed to it, or benefited from it." *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014).

Here, Conners' mental health and his need for treatment were central to his argument for an exceptional sentence below the standard range. And Conners specifically requested that the court order a mental health evaluation and treatment. Because Conners was the proponent of the condition he now seeks to challenge on appeal, the invited error doctrine precludes review of the merits of his alleged error.

Even if this error were not invited, a superior court may impose crime-related community custody conditions at sentencing. *State v. Brooks*, 142 Wn. App. 842, 850, 176 P.3d 549 (2008). Relevant here, a court may order a mental health evaluation and resulting treatment as a condition of community custody "if the court finds that reasonable grounds exist to believe that the offender

3

is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense." RCW 9.94B.080. The mental health evaluation order may be "based on a presence report and . . . mental status evaluations that have been filed with the court." *Id.*; *see also State v. Shelton*, 194 Wn. App. 660, 676 n.11, 378 P.3d 230 (2016).

Although Conners contends that the trial court abused its discretion in ordering him to complete a mental health evaluation and any recommended treatment we note that Conners fails to articulate whether his complaint centers on the trial court's failure to enter specific *written findings*, or whether he simply contends that the trial court's oral findings are insufficient to support the community custody condition. To the extent that Conners complains that the trial court failed to enter written findings in support of the condition, Conners cites to no authority requiring the trial court to make express, written findings under RCW 9.94B.080. Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

To the extent Conners argues that the *evidence* before the superior court was insufficient to support the required findings, we again disagree because defense counsel argued to the court that Conners suffered from a mental illness that contributed to his offense and urged the court to impose mental health treatment as part of the sentence. Additionally, there was ample evidence before the court to support the community custody condition.

CONCLUSION

The trial court did not abuse its discretion when it ordered Conners to complete a mental health evaluation and treatment as a condition of community custody. Accordingly, we affirm.

4

No. 58656-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

MAXA, J.

VELJACIC, J.