# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of | No. 59620-2-II |
| YOUSEF AZIZ, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| ERIN SHARKAWY, | |
| Respondent. | |

GLASGOW, J.—Yousef Aziz and Erin Sharkawy were married in 2015 and share two children. In July 2021, the couple had a verbal argument that escalated to physical violence and Sharkawy called the police. When officers arrived, both parties said that the other was the aggressor. Sharkawy was arrested, but the State voluntarily dismissed the criminal case against Sharkawy due to lack of evidence. Aziz and Sharkawy separated after Sharkawy's arrest and the children lived with Aziz during separation.

Aziz petitioned for dissolution and asked that the children reside with him because he alleged that Sharkawy had a history of domestic violence. Sharkawy responded that it was Aziz who committed domestic violence during their marriage and requested limitations on Aziz's parenting time. After a hearing that was not transcribed or designated for our record on review, the court found that Sharkawy proved Aziz's domestic violence against her by a preponderance of the evidence and that Aziz had not met his burden to prove the same. After several more hearings and

a settlement conference, the parties agreed to a final parenting plan containing a finding that Aziz had a history of domestic violence. The court adopted the parties' final parenting plan, under which the children live with Aziz two weekends per month and otherwise live with Sharkawy.

Approximately one year later, the parties went to trial on the remaining issues in the dissolution. After trial, the court found that Aziz was the aggressor against Sharkawy during their marriage and granted Sharkawy's request for a restraining order. The court also found that Aziz concealed gig-based income and ordered Aziz to pay approximately $1,030 in monthly child support, calculated by adding the undisclosed gig-based income to the income shown in his paystubs and other documentation. The court also found that Aziz concealed a mortgage refund and that Sharkawy did not receive her fair share of the items in the family home and ordered Aziz to pay $20,000 to Sharkawy in the final dissolution decree. Finally, the court found that Aziz wasted counsel's and the court's time by concealing money and lying to the court, and ordered him to pay $10,000 in attorney fees due to his intransigence.

Aziz appeals the final parenting plan, restraining order, child support order, and dissolution decree, arguing that the court reached unfair results because it declined to consider documents he submitted as evidence and reached its conclusions based on personal bias. Sharkawy responds that Aziz agreed to the parenting plan and has failed to perfect the record in this appeal because he did not arrange for the transcription of a verbatim report of proceedings. We agree with Sharkawy and affirm.

## FACTS

### I. BACKGROUND

Sharkawy and Aziz were married in 2015 and share two children. They owned a home in Vancouver, Washington.

### A. Domestic Violence Incident

In July 2021, Aziz and Sharkawy had an argument that escalated to physical violence. Sharkawy called the police and reported that Aziz hit her stomach, neck, and face. Shortly before officers arrived, Sharkawy told the dispatcher not to send police because she did not want to ruin Aziz's life.

When police arrived, Aziz said that Sharkawy slapped, hit, and scratched him. Both parties claimed that they used force against the other in self-defense. The police saw a scratch on Aziz's neck and saw no marks on Sharkawy, so they arrested Sharkawy for domestic violence assault. Sharkawy went to jail and was able to take pictures of bruises developing over the following days.

The City of Vancouver voluntarily dismissed the criminal case against Sharkawy due to lack of evidence, and rescinded a no-contact order protecting Aziz from Sharkawy.

When the parties separated following Sharkawy's arrest, the children lived with Aziz.

### II. PRETRIAL PROCEEDINGS

### A. Petition and Response

Aziz petitioned for dissolution in September 2021. He submitted a proposed parenting plan asking that Sharkawy be found to have a history of domestic violence and that the children reside solely with Aziz. Sharkawy proposed a parenting plan finding that Aziz had a history of domestic violence and limiting his parenting time.

The parties each requested domestic violence protection orders against each other and made detailed allegations of the other's allegedly violent behavior. For instance, Sharkawy alleged that Aziz slammed her face into a steering wheel while she was driving. Sharkawy also submitted declarations alleging that Aziz physically and emotionally abused her throughout the marriage and engaged in severe controlling behavior. In support of her claims, Sharkawy provided declarations from three witnesses who corroborated that Aziz regularly screamed and insulted Sharkawy. Sharkawy attached photos of injuries to her shoulder and lip that she said were caused by Aziz.

Aziz made allegations consistent with what he told police the night of Sharkawy's arrest. Aziz also attached the police report from that night and submitted a photo of his alleged injury. Further, Aziz declared that Sharkawy was violent, had a short temper, and struck him regularly. Aziz challenged the veracity of Sharkawy's claims of abuse because he said that the shoulder injury in Sharkawy's photo was caused by a group of attackers, and the same photo was attached to their asylum application. Sharkawy responded that she lied about being attacked in her asylum application at Aziz's request and that the shoulder injury was actually caused by Aziz.

B.      Temporary Orders

After a hearing during which both parties were represented by counsel, the trial court found that Sharkawy proved Aziz's domestic violence against her by a preponderance of the evidence and granted Sharkawy's request for a domestic violence protection order against Aziz. The court also entered a temporary parenting plan limiting Aziz's parenting time based on its finding that he had a history of domestic violence. The court reached its findings after considering the police records, the 911 call recording, evidence submitted by both parties, and a hearing that was not transcribed or designated for our record.

After another hearing (also not transcribed) regarding the value of the family home and the status of the mortgage, the trial court entered a temporary order regarding the family home in April 2022. The court ordered that Aziz would receive the home in exchange for paying Sharkawy for her share of the equity. The order specified that Sharkawy was entitled to review the mortgage accounting and raise concerns at trial. The order also specified that the division of furniture and other personal property in the home was not resolved and those issues were reserved for trial.

C.      Final Parenting Plan

After the temporary parenting plan was entered, Aziz submitted many motions, declarations, and documents in an attempt to show that Sharkawy was violent with the children, including medical records showing that he brought the children, ages two and five, to the hospital after noticing injuries during custody exchanges. One record indicates that the treating physician observed bruising on their two year old's forehead and clavicle, as well as a cut on his lip. Aziz and medical providers also filed multiple Child Protective Services reports, but a Family Court Services report concluded that Aziz "was acting to gain a strategic advantage in the family law litigation rather than based on legitimate concerns that [Sharkawy] was abusing the children" after reviewing the Child Protective Services files. Clerk's Papers (CP) at 2243. The Family Court Services report was inconclusive as to domestic violence but concluded that Aziz used abusive use of conflict against Sharkawy. The report recommended a residential schedule under which Sharkawy would be the primary parent and Aziz would have residential time every other weekend.

Then, the parties attended a settlement conference in July 2022. After the settlement conference, Sharkawy prepared a final parenting plan including a finding that Aziz had a history of domestic violence. Aziz agreed that the plan should be signed by the judge without any further

notice or argument. The court adopted the final parenting plan proposed by the parties. Under the final parenting plan, the children reside primarily with Sharkawy, but stay with Aziz two weekends per month.

### III. DISSOLUTION TRIAL

The parties went to trial on the remaining issues including child support, the outstanding issues related to the family home, and Sharkawy's request for a final restraining order. The trial was not transcribed or designated as part of our record.

A.     Evidence Presented

At trial, Aziz offered, and the court admitted, several exhibits including paystubs, W2s, and mortgage statements. Aziz also presented argument and testimony. After Aziz rested his case in chief, he sought to admit several additional exhibits including the children's medical records and the police report from the July 2021 domestic violence incident. Aziz explained that all of these documents had previously been submitted to the court as attachments to his earlier motions and declarations. The court denied Aziz's request to reopen his case in chief and submit additional exhibits because the deadline had passed. But the court explained that it had access to and could review any documents that were previously submitted.

Sharkawy then presented evidence including the testimony of Aziz and Sharkawy. During Aziz's testimony, the court was "concerned" about his "intransi[g]ent" responses, "evasive answers, inconsistency[,] and his failure to acknowledge the questions." CP at 1643.

B.    Findings and Conclusions

After trial, the court found that Aziz had a history of domestic violence against Sharkawy and granted Sharkawy's request for a restraining order. The court specifically found that Aziz "ha[d] been the aggressor" and "continue[d] to harass" Sharkawy. CP at 1755.

The court also found that Aziz earned $1,000 per month in "previously unreported income" from gig-based food delivery work. CP at 1764. The court awarded a monthly child support payment of approximately $1,030 to Sharkawy, including the gig-based income in its calculations. With regard to back child support, the court found that "the children were wrongfully withheld from Ms. Sharkawy" during the time they resided with Aziz prior to the first temporary parenting plan in this case. CP at 1768. The court ruled that neither party owed back child support to the other from the period between separation and the first temporary parenting plan.

The court also found that the temporary order regarding the family home entered in April 2022 did not account for a $20,000 refund that Aziz received toward the mortgage, and that Sharkawy did not receive her fair share of the items in the family home. Therefore, the court ordered a $20,000 payment to Sharkawy, accounting for one half of the undisclosed refund plus $10,000 for the items Sharkawy did not receive from the family home, relying on receipts and other evidence of the value of furniture and household items.

Finally, the court found that Aziz "failed to disclose his finances" and "hid money" from the court. CP at 1755. The court found that Aziz's dishonesty cost the court and counsel time, and that Aziz "unnecessarily delayed court proceedings causing attorney[] fees to incur." CP at 1755. The court therefore ordered that Aziz pay Sharkawy $10,000 in attorney fees due to his

intransigence. The court entered final orders reflecting its findings and conclusions detailed above.[1]

## ANALYSIS

### I. PARENTING PLAN

Aziz challenges the final parenting plan on appeal. But after the parties attended the July 2022 settlement conference, the parties agreed on a final parenting plan. After the settlement conference, Sharkawy prepared the final parenting plan, which included a finding that Aziz had a history of domestic violence. Aziz signed the final parenting plan and so did the judge. Any error that Aziz alleges regarding the parenting plan or the findings it contained was invited. *See City of Seattle v. Patu*, 147 Wn.2d 717, 720, 58 P.3d 273 (2002); *see also* RAP 2.5.

### II. ADEQUACY OF RECORD TO SUPPORT REMAINING ASSIGNMENTS OF ERROR

Aziz challenges the trial court's restraining order, child support order, and divorce decree, arguing that the court reached unfair results because it declined to consider documents he submitted as evidence and ruled based on bias. Sharkawy argues that Aziz failed to meet his burden to provide an adequate record in this appeal because Aziz failed to provide a verbatim report of proceedings. We agree with Sharkawy and decline to consider Aziz's challenges because he has not provided a sufficient record to determine the merits of the issues raised on appeal.

A trial court's decision "is presumed to be correct and should be sustained absent an affirmative showing of error." *State v. Wade,* 138 Wn.2d 460, 464, 979 P.2d 850 (1999). In an

---

[1] Aziz filed a motion for reconsideration of the final orders, and the court denied the motion because it was untimely. Aziz also unsuccessfully moved to modify his child support due to a change in his employment and a claimed hardship. Finally, Aziz unsuccessfully filed a notice of disqualification of the judge in his case, alleging judicial bias.

appeal, "[t]he party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). If an appellant does not provide an adequate record for our review, we may supplement the record, decline to address the claimed error, or affirm the challenged decision if the incomplete record is sufficient to support it. *Id.*

Here, Aziz makes several assignments of error challenging discretionary decisions of the trial court. All of his challenges depend on events that happened at trial or criticize the trial court's weighing of the evidence or the parties' credibility. Specifically, he argues that the trial court ignored evidence showing Sharkawy had a history of domestic violence, was persuaded by Sharkawy's false evidence, and was motivated by bias when the court entered the restraining order against him. He also argues that the restraining order was a result of judicial bias and false evidence. Furthermore, Aziz contends that $1,000 in monthly income should not have been included in the child support worksheet and that his daycare payment is unreasonable. Aziz asserts that the trial court erred when it did not order Sharkawy to pay child support to Aziz from July 2021 through November 2021, when the children were solely in his care. Aziz also argues that $10,000 was awarded to Sharkawy without evidence to support it, and that the amount was unfair and manipulated by Sharkawy's attorney's accusations against him. Finally, Aziz asserts that the court ordered him to pay $10,000 in attorney fees based on the judge's personal animus against him.

All of Aziz's challenges rest on his view that the trial court refused to consider the evidence he presented or improperly discounted his evidence and reached its ultimate legal conclusions based on personal bias. However, Aziz has failed to provide the verbatim report of proceedings,

so we have no record of the parties' testimony and arguments on which the trial court's rulings on these issues was based. The challenged decisions turn on whether the trial court found Aziz credible, making his testimony and Sharkawy's conflicting testimony central to the issues on appeal. And we cannot evaluate a claim that the trial court exhibited bias against Aziz or improperly found him intransigent without the trial transcript. Therefore, Aziz has failed to meet his burden to provide an adequate record to establish the asserted errors, and we decline to consider them.

We acknowledge that Aziz may be arguing that even if the trial court's findings of fact are verities on appeal, the findings fail to support some of the trial court's conclusions of law. *See Morris v. Woodside*, 101 Wn.2d 812, 815, 682 P.2d 905 (1984) (treating the trial court's factual findings as verities on appeal because party failed to provide verbatim report of proceedings that was relevant to the disputed findings of fact); *State v. Alexander*, 125 Wn.2d 717, 723, 888 P.2d 1169 (1995) (failing to provide verbatim report of proceedings was a failure to "properly contest" certain findings of fact). To the extent Aziz challenges the court's legal conclusions, we conclude that the trial court's conclusions are supported by its factual findings. The court found that Aziz admitted he had a history of domestic violence against Sharkawy, supporting the restraining order. The court also found he concealed gig-based income, supporting the child support calculation. The court found that Aziz concealed a significant refund and that Sharkawy did not receive her fair share of the items in the family home, supporting the trial court's property distribution. Finally, the court found that Aziz was intransigent, supporting the trial court's order on attorney fees.

We affirm.

10

No. 59620-2-II

APPELLATE ATTORNEY FEES

Sharkawy requests attorney fees in this appeal under RAP 18.1 and RCW 26.09.140. Considering the parties' affidavits, we grant her request for appellate attorney fees on this basis and award Sharkawy $2,000 in appellate attorney fees.

CONCLUSION

We affirm. We order Aziz to pay $2,000 in attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
GLASGOW, J.

We concur:

_____
MAXA, P.J.

_____
CHE, J.