IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON | No. 81352-8-I |
| Respondent, | ORDER DENYING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |
| v. | |
| MICHAEL JOHN KELLY, | |
| Appellant. | |

Appellant Michael Kelly moved for reconsideration of the opinion filed on November 8, 2021. Respondent State of Washington responded. The panel considered the motion pursuant to RAP 12.4 and determined that the motion should be denied. Additionally, the panel determined that the opinion should be withdrawn and a substitute opinion filed. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on November 8, 2021, is withdrawn; and it is further

ORDERED that a substitute opinion shall be filed.

FOR THE COURT:

_____
Chun, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | No. 81352-8-I |
| Respondent, | |
| | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MICHAEL JOHN KELLY, | |
| Appellant. | |

CHUN, J. — A jury found Michael John Kelly guilty of felony failure to register as a sex offender. Kelly appeals, contending that the to-convict instruction transformed this single means crime into an alternative means crime and that the State failed to prove both means. But the trial court used a portion of the defense's proposed to-convict instruction outlining two ways of committing the crime, which Kelly now makes the subject of this appeal. And he did not propose a unanimity instruction. Thus, the invited error doctrine precludes review. We affirm.

I. BACKGROUND

In 2002, the Juvenile Department of King County Superior Court adjudicated Kelly guilty of felony child molestation in the first degree. Because of the conviction, Kelly had to register as a sex offender. See RCW 9A.44.130(1)(a). He pleaded guilty to, and was convicted of, failure to register as a sex offender in 2009 and in 2016.

When a sex offender's status changes to lacking a "fixed residence," they must register within three business days and then report weekly to the Sheriff's Office. RCW 9A.44.130(6)(a)–(b). Also upon release from custody for a sex offense, a sex offender must register within three business days. RCW 9A.44.130(4)(a)(i).

On August 9, 2018, Kelly registered as a sex offender lacking a "fixed residence" at the King County Sheriff's Office's registration window. According to King County's records, that day was the last time Kelly registered in 2018. Kelly checked in with the Sheriff's Office on September 7 and 18. He indicated that he was staying at the Union Gospel Mission's shelter every night between those dates.

From October 2 to 29, Kelly was in custody for violating a community custody condition of his 2016 conviction. According to Kelly, he registered as having a fixed residence on October 30, the day after his release. But according to the State, by November 5, Kelly had not registered with or reported to the Sheriff's Office.

The State charged Kelly with failure to register as a sex offender between November 5 and December 19. The initial information alleged that Kelly "did knowingly fail to comply with the requirements of RCW 9A.44.130, and that the defendant has been convicted in this state . . . of a felony failure to register as a sex offender on two or more prior occasions." The information did not allege the two different ways that Kelly committed the crime. The State's theory was that

2

Kelly failed to register by: (1) failing to report weekly as required of sex offenders who register as lacking a fixed address, and (2) failing to register within three days of release from custody for a sex offense.

Before trial, Kelly stipulated to his 2002 adjudication and 2009 and 2016 convictions.

The State proposed this to-convict instruction based on WPIC 49C.02:

> To convict the defendant of the crime of failure to register as a sex offender, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) Prior to November 5, 2018, the defendant was convicted of a felony sex offense;
>
> (2) That due to that conviction, the defendant was required to register in the State of Washington as a sex offender between November 5, 2018 and December 19, 2018; and
>
> (3) That during that time period, the defendant knowingly failed to comply with any requirement of sex offender registration.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

During a colloquy about the jury instructions, the trial court said, these "instructions are a mess, okay. Do you want to amend your information to specifically allege the ways in which Mr. Kelly failed to register to conform with your opening statement and the proof you've presented so far?" The trial court asked the State to decide whether it would amend the information by the next day. The State responded, "Absolutely. Thank you, your Honor."

3

Meanwhile, Kelly proposed a to-convict instruction that deviated from WPIC 49C.02 and included the two ways the State alleged Kelly failed to register. Kelly said his instruction would "make it clear to the jury . . . that there are essential elements of failing to register that the State must prove. So it created an either or prong."

In response to Kelly's proposed instruction, the trial court said, "I like this, frankly. And I think the State should, too. *It doesn't set this up as alternative means*, it just sets up the theory under which the State is operating here." (Emphasis added.) The trial court adopted Kelly's proposed language: "so we're sticking with the State's language in instruction 8, except. . . we are picking up the defense prong 3." By using "defense prong 3," the court created an "either or" instruction, instructing the jury that to find Kelly guilty it must find either (1) he lacked a fixed residence and failed to report weekly or (2) he failed to register within three days of release from custody for a sex offense. The State again asked the trial court "for the standard WPIC instructions." The trial court said:

> Yeah, but why don't you wait to ask for that until you figure out what you're doing with the information. You're going to like this a lot more if you decided to amend the information. Like I said, I'm not saying that you're required to, I'm just saying the case is right on point that argues the safest course.

The next day, the State amended the information by adding the two ways it alleged Kelly committed the crime:

> That the defendant Michael John Kelly in King County, Washington, between November 5, 2018 and December 19, 2018, having been convicted of having been convicted of Child Molestation in the First Degree, a felony sex offense as defined in RCW 9A.44.128, for which he was required to register as a sex

offender under RCW 9A.44.130, did knowingly fail to comply with the requirements of RCW 9A.44.130, specifically, failed to report weekly, in person, to the sheriff of the county where the defendant was register [sic] due to lacking a fixed address *and* failed to register with the county sheriff for his county of residence within three business days of release from a local jail after being in custody for a sex offense *and* that the defendant has been convicted in this state . . . of a felony failure to register as a sex offender on two or more prior occasions.

(Emphasis added.)

Later, the court asked the parties if they took exception to the to-convict instruction. Neither party did. Nor did Kelly argue that the crime was now an alternative means crime or seek a unanimity instruction.

The court instructed the jury that to convict Kelly of the crime of failure to register as a sex offender it must find beyond a reasonable doubt that

(1) Prior to November 5, 2018, the defendant was convicted of a felony sex offense;

(2) That due to that conviction, the defendant was required to register in the State of Washington as a sex offender; and

(3) *either*

(a) That between November 5, 2018 and December 19, 2018: (i) the defendant lacked a fixed residence; and (ii) the defendant failed to report weekly, in person to the sheriff of the county where the defendant was registered; *or*

(b) That between November 5, 2018 and December 19, 2018, the defendant, having been in custody for a sex offense, failed to register with the county sheriff for his county of residence within three business days of release from a local jail.

If you find from the evidence that elements (1) and (2), and either (3)(a) or (3)(b) has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

(Emphasis added.)

The jury found Kelly guilty as charged. Kelly appeals.

II. ANALYSIS

Kelly acknowledges that, under State v. Peterson, 168 Wn.2d 763, 765, 230 P.3d 588 (2010), failure to register as a sex offender is not an alternative means crime. He however contends that, under the law-of-the-case doctrine, the to-convict instruction transformed the crime into such a crime and the State failed to prove both means beyond a reasonable doubt. But Kelly proposed the portion of the jury instruction he now claims transformed the crime, and he did not propose a unanimity instruction. He contends insufficient evidence supports findings as to both claimed means and that the sentencing court erred in failing to provide a unanimity instruction. Given these circumstances, we conclude the invited error doctrine applies and Kelly cannot obtain relief on appeal.

"The original goal of the invited error doctrine was to 'prohibit[ ] a party from setting up an error at trial and then complaining of it on appeal.'" City of Seattle v. Patu, 147 Wn.2d 717, 720, 58 P.3d 273 (2002) (alteration in original) (quoting State v. Pam, 101 Wn.2d 507, 511, 680 P.2d 762 (1984)). "To determine whether the doctrine applies, the court considers 'whether the defendant affirmatively assented to the error, materially contributed to it, or benefited from it.'" In re Dependency of A.L.K., 196 Wn.2d 686, 694–95, 478 P.3d 63 (2020) (quoting In re Pers. Restraint of Coggin, 182 Wn.2d 115, 119, 340 P.3d 810 (2014)).

In State v. Studd, our Supreme Court considered six consolidated cases in which the defendants proposed instructions that erroneously stated the law on

6

self-defense. 137 Wn.2d 533, 545–47, 973 P.2d 1049 (1999). Some of the defendants had proposed curative instructions, and some had not. Id. at 545. The court determined that the defendants who had not proposed a curative instruction invited the error, and therefore they could not complain of the erroneous self-defense instruction on appeal. Id. at 552–53.

Like the defendants in Studd who proposed the instructions at issue[1] and did not request curative instructions, Kelly did not request a unanimity or other curative instruction. He did not raise any issue even after the trial court indicated that the to-convict instruction did not transform the offense into an alternative means crime. Because Kelly proposed the instruction including the two ways of committing the crime and failed to propose a unanimity or other curative instruction, the invited error doctrine applies and precludes review of his claim.

The State concedes that "[w]hen the court held a formal exceptions conference, . . . the State did not take exception to the court's to-convict instruction." The State also concedes that the jury instruction required it to prove beyond a reasonable doubt that either Kelly failed to register within three days of release from custody for a sex offense or failed to report weekly after registering as a sex offender lacking a fixed residence.

---

[1] Cf. State v. Winings, 126 Wn. App. 75, 89, 107 P.3d 141 (2005) ("Under the doctrine of invited error, even where constitutional rights are involved, we are precluded from reviewing jury instructions when the defendant has proposed an instruction or agreed to its wording."); see also State v. Henderson, 114 Wn.2d 867, 870, 792 P.2d 514 (1990) (applying the invited error doctrine even when the alleged error was of constitutional magnitude); State v. Corbett, 158 Wn. App. 576, 591–92, 242 P.3d 52 (2010) (same).

If the jury instruction required the State to prove at least one of the ways of committing the crime beyond a reasonable doubt, sufficient evidence supports finding that Kelly failed to register within three days of his release from custody for a sex offense. "Evidence is sufficient if, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Owens, 180 Wn.2d 90, 99, 323 P.3d 1030 (2014).

During trial, Kelly testified to the following:

Q. Okay. So you know have you [sic] a duty to register; right?

A. I do.

Q. And you knew you had a duty to register during this time period, November 5th through December 19th, 2018?

A. Yes.

Then, Kelly testified:

Q. Okay. And you did not register in November of 2018 or December of 2018?

A. Correct.

Q. Okay. And you were in custody from October 2nd, 2018 to October 29, 2018?

A. Correct.

Q. Okay. And that was in relation to the '15 cause number?

A. Probation violation, yes.

Q. Correct. You pled guilty on that cause number, the '15 cause number; right?

A. Yes.

Q. And that was guilty to a sex offense; correct?

A. Correct.

Although Kelly testified that he registered or "checked in" with the Sheriff's Office on October 30, the State submitted evidence that August 9 was the last time Kelly registered in 2018. Viewing the evidence in the light most favorable to the State, sufficient evidence supports that Kelly failed to register within three days of his release from custody for a sex offense.

We affirm.

_____Chun, J._____

WE CONCUR:

_____Brennan, J._____   _____Verellen, J._____